The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P. J. and MACOMBER, J., concurred.

Judgment and order affirmed, with costs.

---

IN THE MATTER OF THE PETITION OF JAMES GORDON BENNETT, RESPONDENT, v. THOMAS W. PITTMAN, APPELLANT.

*Proceedings to compel an attorney to pay over money — a reference therein is not within the Code of Civil Procedure (§ 1019), authorizing its termination for a failure to make a report.*

A reference to take proof, in a special proceeding instituted to compel an attorney to pay over money, does not fall within section 1019 of the Code of Civil Procedure, authorizing a party to terminate a reference for the reason that the report of the referee was not made within sixty days after the matter referred to him was finally submitted.

APPEAL from an order denying a motion to confirm a referee's report, made on the ground that the court had no power to confirm the same because it was not filed within sixty days after the matter referred to the referee was finally submitted to him, and that a notice that the petitioner Bennett elected to terminate the reference had been duly served on the referee, and on the attorney for the adverse party.

*Edward C. Perkins*, for the appellant.

*John Townshend*, for the respondent.

BARTLETT, J.:

This was a proceeding to compel an attorney to pay over moneys received by him for the petitioner. An order of reference was made to take proof of the facts stated in the petition and alleged by the attorney in answer thereto. The matter was duly proceeded with before the referee, and was finally submitted to him on May 11, 1885. On October 24, 1885, no report having been delivered or filed, the attorney for the petitioner served a notice upon the

attorney for the appellant herein that he elected to end the reference. Notwithstanding this notice, a motion was subsequently made at the Special Term, in April, 1888, to confirm the report of the referee. This motion was denied, as the order states, on the ground that the court had no power to confirm the report "because the same was not filed within sixty days after the matters referred to the said referee were finally submitted to him, and the notice that the said Bennett elected to terminate the said reference was duly served on the said referee."

It is apparent from this language that it was solely by reason of a supposed want of power that the judge at Special Term denied the motion. This appeal, therefore, does not bring up any question relating to the contents of the referee's report, or whether it should be confirmed or not upon the merits.

If the referee had been directed to try an issue of law or an issue of fact, or to take an account, or to determine and report upon a question of fact in an action, the conclusion of the learned judge below would have been correct, for section 1019 of the Code of Civil Procedure permits a reference to be terminated in any of these cases where the report is not filed or delivered within sixty days from the time when the case or matter is finally submitted. But a reference to take proof in a special proceeding to compel an attorney to pay over money does not fall within the scope of this section, and is not terminable in the manner therein prescribed. The provisions of the section are stringent, and their application should not be extended by construction, but should be carefully limited to the cases expressly mentioned therein. They relate only to references in actions as distinguished from special proceedings; and that this matter is a special proceeding admits of no doubt.

The order appealed from should be reversed, with costs and disbursements, and the matter remitted to the Special Term with directions to entertain the motion and dispose of it as justice may require.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed, with ten dollars costs and disbursements, and proceedings remitted to Special Term.