(26 Misc. Rep. 61.)

### DOYLE v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.    January, 1899.)

1. APPLICATION TO CHANGE ATTORNEYS—REFERENCE—MOTION—ACTION.

A reference had on an application by a client, under Gen. Rules Prac. No. 10, to change his attorney in order to determine his compensation, does not come within Code Civ. Proc. § 1019, which provides for a notice to end a reference, and that thereafter the "action" must proceed as if the reference had not been directed, since the application is not a motion in the "action," but a summary special proceeding.

2. SAME—REFEREE'S FAILURE TO REPORT.

A reference to ascertain the amount an attorney is entitled to for services had on an application by a client to change his attorney is one which,

prior to December 31, 1846, would have been referred to the clerk or to a master, and hence is had under Code Civ. Proc. § 827, giving the referee the powers which were possessed by the clerk or master, and not under section 1019, authorizing a party to end the reference where the referee has failed to file his report within 60 days from submission.

Action by David A. Doyle against the mayor, aldermen, and commonalty of the city of New York. Motion, in the application of plaintiff to substitute attorney, to have the report of the referee removed from the files. Denied.

Furlong & White, for the motion.

James R. Fancher, in pro. per.

TRUAX, J. This is a motion by Mr. Doyle to compel the removal from the files of this court of the report of a referee who, upon the application above referred to, was appointed by the court to ascertain and report the amount of compensation to which his attorney was entitled for his services, not only in the action above referred to, but also in certain other proceedings and matters, and also to ascertain and report the amount of said attorney's lien upon certain mortgages. The reference above referred to was duly closed on the 14th day of May, 1898; and two weeks were given to the counsel who appeared before the referee within which to submit briefs. No decision or report of the referee was delivered or filed up to the 14th day of September, 1898, and on that date the attorneys for Mr. Doyle served upon the other attorney, and upon the referee, a notice of election to end the reference, as provided in section 1019 of the Code of Civil Procedure, and thereafter, and on or about the 29th day of December, 1898, a copy of the report of said referee, with notice of filing, was served upon plaintiff's attorneys. I am of the opinion that section 1019 of the Code of Civil Procedure does not apply to a matter of this kind. That section provides that, after the service of the notice therein mentioned, "the action must thenceforth proceed as if the reference had not been directed." The reference here had nothing to do with the "action." The method of effecting a change of attorneys is prescribed by rule 10 of the general rules of practice. That rule is as follows:

"An attorney may be changed by consent of the party and his attorney, or upon application of the client upon cause shown and upon such terms as shall be just, by the order of the court or of a judge thereof, and not otherwise."

The application referred to by the rule is not a motion in the action, but is a summary special proceeding, addressed to the discretion of the court. If it were a motion in the action, the defendant would be entitled to notice, but it is never customary in motions to remove the attorney of one party to give notice to the other party. It is analogous to a motion made by a client to compel his attorney to pay over money which he (the attorney) has collected; and it has been expressly held in this department that a reference which may be ordered upon such an application does not come within section 1019 of the Code. Bennett v. Pittman (Sup.) 1 N. Y. Supp. 27. But even if it be assumed that the application was a motion in the action, the

reference was a reference under section 827 of the Code, and not under section 1015.    Section 827 provides that:

"Where, according to the practice of the court of chancery, on the 31st day of December, 1846, a matter was referable to the clerk, or to a master in chancery, a court having authority to act thereupon, may direct a reference to one or more persons, designated in the order, with the powers which were possessed by the clerk, or the master in chancery, except where it is otherwise specially prescribed by law."

It has been frequently held that a reference to ascertain and report the amount of an attorney's lien upon his client's cause of action and upon his papers, and to ascertain and report the amount of compensation to which the attorney is entitled, is a reference which, prior to the 31st day of December, 1846, would have been referred to the clerk or to a master in chancery.    In re Knapp, 85 N. Y. 284; Amsdell v. Martin, 20 Wkly. Dig. 370; Gillespie v. Mulholland, 12 Misc. Rep. 40, 33 N. Y. Supp. 33.    And see Ackerman v. Ackerman, 14 Abb. Prac. 230; City of Philadelphia v. Postal Tel. Co., 1 App. Div. 387, 37 N. Y. Supp. 291.    In Re Knapp, supra, the court of appeals said that the attorney cannot be permitted to determine the amount of his lien, nor can his client, and that in England the question would be sent to the taxing master, with the bills and the attorney, and with us, before the Code, to the clerk of the court, who, in our practice, acts as taxing master.

The motion is denied, with $10 costs.