(64 App. Div. 416.)

### CLARK v. PEMBERTON.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

REFEREE—REPORT—WHEN RENDERED—DEATH OF PARTY—JUDGMENT.

    The referee before whom the case was tried notified defendant that it was decided in his favor. The report was dated and signed before defendant died, but not filed or delivered to his attorney until afterwards, when it was taken up by his personal representatives, and judgment entered thereon against plaintiff. *Held*, under Code Civ. Proc. § 763, providing that if either party to an action dies after decision, but before final judgment, the court must enter final judgment in the names of the original parties, and section 765, providing that this does not authorize the entry of judgment against a party who dies before a decision is actually rendered, the judgment was improperly entered, and should be vacated, since the report of the referee, though signed before defendant died, was not "rendered" until filed or delivered to one of the parties, as required by section 1019.

Appeal from special term, Kings county.

Action by Elizabeth A. Clark against William H. Pemberton. From an order denying plaintiff's motion to vacate the judgment entered in favor of defendant after his death, she appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and SEWELL, JJ.

L. B. Bunnell, for appellant.
G. R. Hamburger, for respondent.

GOODRICH, P. J. The action was brought to recover damages for neglect of defendant, an attorney at law, in professional relations. The action was referred to a referee, and finally submitted to him on December 22, 1900. On February 21, 1901, the referee notified the defendant that he had decided in his favor. The report, however, is dated on the 25th. The defendant died March 12th. The report was not filed or delivered to the defendant's attorney till April 25, 1901, when it was taken up by the personal representatives of the deceased, and a judgment was entered thereon against the plaintiff on June 15th. The plaintiff moved to set aside the judgment. The court denied the motion, and the plaintiff appeals.

The Code of Civil Procedure (section 763) provides that "if either party to an action dies, after  *  *  *  a verdict, report, or decision,  *  *  *  but before final judgment is entered, the court must en:er

final judgment, in the names of the original parties"; and section 765 provides that this "does not authorize the entry of a judgment against a party, who dies before a verdict, report, or decision is actually rendered against him."

It is evident that the appeal turns upon the question whether the signing of a referee's report without filing or delivery to one of the parties constitutes a "rendering" of such report. In Little v. Lynch, 99 N. Y. 112, 1 N. E. 312, the court, referring to section 1019, providing that a referee's report "must be either filed with the clerk, or delivered to the attorney for one of the parties, within sixty days from the time when the cause was finally submitted," held that a tender of the report within the time limited was not equivalent to delivery, within the meaning of that section. I can discover no difference in the effect of the different language used in section 1019 and sections 763 and 765. There is no verdict in an action until it is announced in open court and entered. There is no decision until it is entered or filed. There is no report of a referee until it is filed or is delivered to the attorney of one of the parties. The signing of a report is not equivalent to a filing or delivery. It follows that there was no report rendered in the present action until after the death of the defendant, and that there was no authority for the entry of a judgment against the plaintiff in the name of the original parties.

The respondent's counsel cites the case of Craig v. Craig, 66 Hun,. 452, 21 N. Y. Supp. 241, decided by the old general term of the First department, but we cannot agree with the construction placed by that court upon the case of Little v. Lynch, so far as it conflicts with the views we have expressed.

The order should be reversed, and the motion to vacate the judgment should be granted.

Order reversed, with $10 costs and disbursements, and motion to vacate judgment granted. All concur.