(Supreme Court, Appellate Division, First Department. May 20, 1905.)

1. REFERENCE—FILING REPORT AFTER DEATH OF PARTY.
    Under Code Civ. Proc. § 755, declaring that a special proceeding does not abate by any event, if the right to relief sought survives, and section 757, declaring that, in case of the death of the sole party to a special proceeding, the court must, on motion, allow or compel such proceeding to

be continued by his representative, the report of a referee, stating the account of an assignee for the benefit of creditors, cannot be filed after the assignee's death, and before his personal representative is made a party.

2. SAME.

General· Assignment Act, § 10 (Laws 1877, p. 545, c. 466), providing that, in case an assignee for the benefit of creditors shall die during pendency of any proceeding, his personal representative or successor may be brought in or substituted, and any decree made thereafter shall bind the party thus substituted, as well as the property of the deceased assignee, gives the referee appointed ·to state the account of an assignee no authority to perform any act after the death of the assignee, and before his personal representative or successor in interest is substituted.

3. SAME—SUBSEQUENT APPOINTMENT OF SUCCESSOR.

Where the report of a referee appointed to state the account of an assignee· for the benefit of creditors was filed after the death of the as- signee, and before his personal representative had been made a party, the subsequent appointment of the representative of the deceased as- signee's estate in place of the assignee did not validate the report.

Appeal from Order Entered on Report of Referee.

George W. Venable and another made an assignment for the ben- efit of creditors to Robert J. Dean. A referee was appointed to state the account of the assignee, and, from an order denying a motion to confirm the referee's report, Thomas Janney, a creditor, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT- TERSON, INGRAHAM, and LAUGHLIN, JJ.

Abram I. Elkus, for appellant.
Hoffman Miller, for respondent Early.
John Yard, for respondent Dean.

PATTERSON, J. Robert J. Dean was the assignee for the ben- efit of creditors of the firm of Venable & Heyman. He was called upon to account, and a referee was appointed to take and state the account, and take proof as to the existence, validity, and amount of claims of the Western National Bank and Thomas Janney against the assignor, and report whether the bank or Janney was entitled to share in the distribution of the assigned estate. Proofs were taken before the referee, and the matter was submitted to him prior to June 6, 1902. Robert J. Dean, the assignee, died November 11, 1903. The referee did not deliver a report until December 2, 1903, and that report was filed in the county clerk's office January 28, 1904. On June 2, 1904, letters of administration of the goods, chat- tels, and credits of Robert J. Dean, deceased, were granted to Mary G. Dean. On July 13, 1904, the administratrix was substituted in the place of Robert J. Dean in the accounting proceeding. On the 8th of October, 1904, a motion was made by Thomas Janney, a cred- itor, to confirm the report of the referee, and for a direction requir- ing the payment of his claim and that of the Western National Bank, pursuant to findings of the referee. The motion was op- posed by the administratrix on the ground that after the death of her intestate, and before she was brought into the proceeding as administratrix, the referee was without power to make, deliver, or

file a report. That contention was upheld by the court at Special Term, the motion to confirm was denied, and from the order entered upon such denial the moving creditors now appeal.

That a special proceeding does not abate by any event if the right to relief sought survives or continues is declared by section 755 of the Code of Civil Procedure. Prior to the amendment of that section in 1891 (Laws 1891, p. 522, c. 284) a special proceeding abated by the death of a party prosecuting or defending. Matter of Palmer, 43 Hun, 573, affirmed 115 N. Y. 493, 22 N. E. 221. It is also provided by section 757 of the same Code that in case of the death of a sole party to a special proceeding, if the right to relief sought in such proceeding survives and continues, the court must, upon motion, allow or compel such proceeding to be continued by his representative or successor in interest. But the provision of that section as to special proceedings does not apply where provision for a continuance has otherwise been made by law. Section 765 of the Code of Civil Procedure provides that title 4 of chapter 8 does not authorize the entry of a judgment against a party who dies before a verdict, report, or decision is actually rendered against him. In that case the verdict, report, or decision is absolutely void. This last section appears to refer only to an action. While by the provisions of section 755 the special proceeding does not abate, nevertheless that proceeding is suspended until it is continued by or against the representative of the deceased or the successor in interest. Ample provision is made by law for the continuance of proceedings after the death of the party against whom they were originally instituted, and, until a proper substitution is made in place of the deceased party, all proceedings are necessarily arrested. The referee has no power to make or file a report against an original party who has died. It is claimed here that the referee had signed his report, and that it was ready for delivery in 1902; but, as is said in Clark v. Pemberton, 64 App. Div. 417, 72 N. Y. Supp. 233, "the signing of a report is not equivalent to a filing or delivery." The acts of the referee in delivering and of the attorneys in filing the report intermediate the death of the assignee, and the substitution of the administratrix as a party to the proceeding, were without authority and cannot be recognized. It is claimed, however, that the provisions of section 755, relating to the continuance of a special proceeding against the representative or successor in interest of the deceased assignee, do not apply, because provision for continuance of this proceeding has been otherwise made by law by section 10 of the general assignment act (Laws 1877, p. 545, c. 466). By that section it is provided that, in case an assignee shall die during the pendency of any proceeding under the act, his personal representative or successor, or both, may be brought in or substituted in such proceeding, and any decree made thereafter shall bind the party thus substituted, as well as the property of such deceased assignee. But that provision does not confer upon the referee an authority to perform any act after the death of the assignee, and before his personal representative or successor in interest is substituted, and the subsequent appointment of the representative of

the deceased assignee's estate in place of the deceased assignee does not validate acts which were invalid at the time they were performed. The proceedings on the accounting before the referee were all apparently regular and valid up to the time of his making a report, but the court below was right in refusing to confirm that report.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.