1. ABATEMENT AND REVIVAL—DEATH OF DEFENDANT—REFEREE'S REPORT—
FILING—EFFECT.

General Assignment Act, Laws 1877, p. 545, c. 466, § 10, as amended by Laws 1878, p. 408, c. 318, relative to assignments for the benefit of creditors, provides that if the assignee shall die during the pendency of proceedings the personal representative or successor in office, or both, may

be substituted, and that any decree made thereafter shall bind the parties thus substituted, as well as the property of the deceased assignee. *Held* that, where the assignee dies pending a reference in proceedings to compel him to account, a report filed by the referee after the death of the assignee and before the substitution of his personal representative is a nullity.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS—REFERENCE—FAILURE TO REPORT.
   General Assignment Act, Laws 1877, p. 546, c. 466, § 20, provides for an accounting by the assignee, and subdivision 9 declares that the court can exercise such powers as to the accounting as a surrogate may in reference to an executor or administrator, and gives the court discretion to order a trial before a referee of any disputed claim arising under the act. Code Civ. Proc. § 2546, authorizes a surrogate to appoint a referee to examine accounts, and makes all the provisions of the Code of Civil Procedure apply to such a reference. Code Civ. Proc. § 1019, provides that upon the trial by a referee of an issue of fact the referee's written report must be filed within 60 days from submission, or the other party may serve a notice that he elects to end the reference. *Held*, that this latter provision applies to a reference in a proceeding to compel an assignee for the benefit of creditors to account so that, where the assignee dies pending the reference and the report is not filed within 60 days, the personal representative of the assignee may end the reference by notice.

Appeal from Special Term, New York County.

George W. Venable and another made an assignment to Robert J. Dean for the benefit of creditors, and thereafter a reference was ordered in a proceeding to compel the assignee to account. Pending the reference and before the filing of the referee's report the assignee died, and the report was subsequently filed. From an order denying a motion for leave to withdraw the report from the files and for the continuance of the reference and the resumption of the hearing therein, Thomas Janney appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Abraham I. Elkus, for appellant.
Louis Marshall, for respondent.

INGRAHAM, J. It appears that George W. Venable and Moses J. Heyman made a joint assignment to one Robert J. Dean for the benefit of creditors, that the assignee proceeded with his trust, and that subsequently proceedings were commenced to compel the assignee to account. In that proceeding a referee was appointed to take and state the accounts of the assignee. These hearings proceeded before the referee from November 21, 1899, to December 1, 1900, when the proceeding was submitted to the referee for determination. The referee completed his report and his opinion upon the questions submitted to him on June 6, 1902. On November 11, 1902, Robert J. Dean (assignee) died, and on December 2, 1903, the referee delivered his report to certain of the creditors, and the same was on January 28, 1904, filed in the office of the clerk of the county of New York. After the referee's report was filed letters of administration on the estate of the assignee were issued and the proceeding revived; the administratrix being substituted in place of the assignee. Notice of the filing of the report was subsequently given to the administratrix and others who had appeared, when the administratrix filed an exception to the report upon the ground that the same

was void because filed after the death of the assignee. An application to confirm the report having been made at the Special Term, it was denied upon the ground that the proceeding abated by the death of the assignee, and this order was affirmed by this court. . 104 App. Div. 531, 93 N. Y. Supp. 1074. It was there held that the proceeding was suspended until it was continued by or against the representative of the deceased assignee, or his successor in interest; that the referee therefore had no power to make and file a report against the original party who had died; and that the report filed after the death of the assignee was invalid. The position, therefore, at the time of the death of the assignee, was that the proceeding had been tried before the referee and had been submitted to him for determination. Before he determined it, however, the assignee died, and the proceeding was then suspended until it was revived by the substitution of the personal representatives of the assignee.

The report being a nullity, the question is now before the referee undisposed of, as if no report had been made. No order would seem to be necessary to enable the referee to proceed with the reference. The report being a nullity, it has no business upon the files of the court, and it would seem to follow that the opinion of the referee, the minutes of the hearing, and other papers filed by the referee are also not properly on the files of the court; and there would seem therefore to be no reasonable objection to allowing the party who filed them to withdraw them from the files. All of the proceedings prior to the death of the assignee, which included the submission of the case to the referee, were not invalidated either under the general provisions of the Code, or under the general assignment act (chapter 466, p. 543, Laws 1877, as amended by chapter 318, p. 408, Laws 1878). Section 10 (page 545), of that act provides that:

"In case an assignee shall die during the pendency of any proceeding under this act, or at any time subsequent to the filing of any bond required herein, his personal representative or successor in office, or both, may be brought in and substituted in such proceeding on such notice as the county judge may direct to be given; and any decree made thereafter shall bind the parties thus substituted as well as the property of such deceased assignee."

We held upon the former appeal that the proceedings before the referee were regular and valid up to the time of his making a report, and the position of the reference, unless it has been terminated, is that the case is before the referee for determination.

The notice of motion also asks that the reference should be continued and the hearing therein be resumed, and the reference proceed according to law as if no referee's report had been delivered and filed. In answer certain creditors presented to the court an affidavit from which it appears that on May 20, 1905, after an administratrix of Dean had been substituted, she served a notice upon the attorneys for the respective parties who had appeared in the proceeding that she "elects to and does end the reference heretofore ordered herein before Stephen H. Keating, Esq.," and a similar notice was served by the attorneys for Mary A. Early, as executrix of the last will and testament of John Early, deceased, who was a surety upon the bond of the assignee and a party to the proceeding. This notice was served under section 1019 of the Code, which provides that a referee's report must be either filed

with the clerk or delivered to the attorney for one of the parties within 60 days from the time when the cause or matter is finally submitted; otherwise either party may, before it is filed or delivered, serve a notice upon the attorney for the adverse party that he elects to end the reference. I think this provision applies to this reference. Section 20 (page 546) of the general assignment act provides for an accounting by the assignee. By subdivision 9 of that section (page 547) the court has power "to exercise such other or further powers in respect to the proceeding and the accounting therein as a surrogate may by law exercise in reference to an accounting by an executor or administrator." By section 20 of the act the court may, in its discretion, order a trial before a referee of any disputed claim or matter arising under the provisions of the act. Section 2546 of the Code, which authorizes a surrogate to appoint a referee to examine an account rendered and to hear and determine all questions arising upon the settlement of such an account which the surrogate has power to determine, makes applicable the provisions of the Code of Civil Procedure applicable to a reference by the Supreme Court.

Section 1019 of the Code provides that:

"Upon the trial, by a referee, of an issue of fact, or an issue of law, or where a reference is made as prescribed in section 1015 of this act, the referee's written report must be either filed with the clerk, or delivered to the attorney for one of the parties within sixty days from the time when the cause or matter is finally submitted; otherwise either party may, before it is filed or delivered, serve a notice, upon the attorney for the adverse party, that he elects to end the reference. In such a case, the action must thenceforth proceed as if the reference had not been directed."

Section 1015 provides that:

"The court may likewise of its own motion, or upon the application of either party, without the consent of the other, direct a reference to take an account, and report to the court thereon, either with or without the testimony, after interlocutory or final judgment, or where it is necessary to do so, for the information of the court; and also to determine and report upon a question of fact, arising in any stage of the action, upon a motion or otherwise, except upon the pleadings"

Neither of these sections is confined to accountings in actions or a proceeding in the Supreme Court, but authorizes the court in which in action or proceeding is pending to direct a reference to take an account, where it is necessary to do so for the information of the court. The accounting in this proceeding was within the provisions of these sections. It was to take and settle the account of the assignee for the information of the court in distributing the assigned estate. The proceeding was in the Supreme Court, and I can see no reason why these two sections should not apply to such an accounting; the clear intent being to insure the prompt disposition of proceedings by a referee. It is as essential that an assignee's accounting should be properly settled, as the trial of the issues in an action.

The case of Bennett v. Pittman, 48 Hun, 612, 1 N. Y. Supp. 27, does not apply. In that case there was a reference to take proof of facts in a proceeding to compel an attorney to pay over money to his client. Mr. Justice Bartlett, in delivering the opinion of the court in that case, says:

"If the referee had been directed to try an issue of law or an issue of fact, or to take an account, or to determine and report upon a question of fact in an action, the conclusion of the learned judge below would have been correct, for section 1019 of the Code of Civil Procedure permits a reference to be terminated in any of these cases where the report is not filed or delivered within 60 days from the time when the case or matter is finally submitted. But a reference to take proof in a special proceeding to compel an attorney to pay over money does not fall within the scope of this section, and is not terminable in the manner therein prescribed."

Without passing upon the other questions presented, I think that the reference was terminated by the notice served, and that the court below was correct in refusing to reopen it and direct further proceedings before the referee.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.