ARGYLE CO. v. GRIFFITH et al.

(Supreme Court, Appellate Division, First Department. October 23, 1908.)

ACTION (§ 57*)—CONSOLIDATION OF ACTION—POWER TO CONSOLIDATE.

Notwithstanding Code Civ. Proc. §§ 817, 818, providing that, where an action is pending in the Supreme Court and another in another court between the same parties for the same cause of action, the Supreme Court may remove the action in the other court and consolidate it with that in the Supreme Court, it was error to remove an action from the Municipal Court and consolidate it with an action in the Supreme Court, where the actions grew out of different contracts and the issues presented by the Municipal Court action with one exception were in no way involved in the Supreme Court action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 632–652; Dec. Dig. § 57.*]

Appeal from Special Term.

Action in the Municipal Court by the Argyle Company against Foster C. Griffith and another. From an order of the Special Term removing the action from the Municipal Court to the Supreme Court and consolidating it with an action pending in the Supreme Court between the same plaintiff and defendants, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Aronson & Salant (Louis Salant, of counsel), for appellant.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for respondents.

PER CURIAM. Section 817 of the Code of Civil Procedure provides that:

"Where two or more actions in favor of the same plaintiff against the same defendant for causes of action which may be joined are pending in the same court, the court may, in its discretion, by order consolidate any or all of them into one action."

And section 818 thereof provides that:

"Where one of the actions is pending in the Supreme Court and another is pending in another court, the Supreme Court may by order remove to itself the action in the other court and consolidate it with that in the Supreme Court."

The two actions, being between the same parties and being upon contract, are permitted to be consolidated; but whether they should be so consolidated rests in the sound discretion of the court to which the application is made. The actions grow out of different contracts and for different kinds of goods, and will require the determination of a number of different issues. The issues presented by the action in the Municipal Court, with the sole exception of the statute of frauds, are in no way involved in the action in the Supreme Court. There seems to be no good reason why the plaintiff, suing upon a perfectly independent contract for an entirely different kind and character of goods to those involved in the Supreme Court action, should not be entitled to the prompt trial which it can obtain of those issues in the Municipal Court. It should not be required to suffer the delay incident to the disposition of the different issues in the action in the Supreme Court.

Therefore the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.