WADHAMS J. ROWELL, Appellant, v. LEHIGH VALLEY RAILROAD COMPANY, Respondent.*

Fourth Department, November 13, 1929.

*Russel S. Johnson*, for the appellant.

*Harold E. Simpson*, for the respondent.

EDGCOMB, J. On June 10, 1925, an order was made on the stipulation of the parties referring the above-entitled action to a referee to try, hear and determine the same. The action was tried in July, 1925. Final submission was delayed until September 5, 1927, when the case was argued orally and briefs were submitted. There the case rested. The referee never made or filed his decision.

On July 20, 1929, plaintiff elected to terminate the reference, and served notice to that effect upon his opponent. Later, in October of the same year, plaintiff moved at Special Term to vacate the order of reference. Defendant made a countermotion to set aside plaintiff's notice, and to give the referee a reasonable time within which to make his decision. The learned court below denied plaintiff's motion and granted defendant the relief which it asked. Plaintiff appeals.

Section 470 of the Civil Practice Act specifies the regulations which "shall" apply to the report of a referee. Subdivision 3

* Appeal dismissed, 253 N. Y. ——.

prescribes that the written report must either " be filed with the clerk or delivered to the attorney for one of the parties within sixty days from the time when the cause or matter is finally submitted; otherwise either party before it is filed or delivered may serve a notice upon the attorney for the adverse party that he elects to end the reference. In such a case the action must thenceforth proceed as if the reference had not been directed."

The provision is mandatory in its terms, and leaves no discretion to the court. Of course, the time of the referee in which to decide a case referred to him may be extended. Such extension does not necessarily have to be in writing. There may be cases in which the conduct of a party would be considered equivalent to a stipulation giving to the referee additional time in which to file his report. One's conduct may be such that it would act as an estoppel and prevent his terminating a reference. (*Dwyer* v. *Hoffman*, 39 Hun, 360; affd., 102 N. Y. 725.)

We find nothing in this record which may fairly be said to prevent plaintiff from ending this reference, and we think that he was well within his legal rights in so doing. The referee held the case from September 5, 1927, until July 20, 1929, and his report was not then ready for delivery or filing.

The order should be reversed, with ten dollars costs and disbursements, and motion of plaintiff granted and countermotion of defendant denied, with ten dollars costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion to vacate notice to terminate reference denied, with ten dollars costs.