In the Matter of the Account of GEORGE F. THOMPSON, as Trustee, etc., of JAMES G. WATSON, Deceased.

GEORGE F. THOMPSON, as Trustee, etc., of JAMES G. WATSON, Deceased, Petitioner, Appellant; CHARLES WATSON ADAMS and Others, Respondents.

Fourth Department, May 20, 1936.

*Warner F. Thompson,* for the appellant.

*Milton J. Whedon,* for the respondents Charles Watson Adams and Raymond Watson.

*Ednor A. Marsh,* for the respondent Laura Watson, and as guardian *ad litem* for Arthur Watson, infant, respondent.

*George W. Davis,* for the respondent Flora Watson Lee.

PER CURIAM. The practice adopted upon this proceeding is loose and fails to meet with our approval. Nevertheless, on the record before us and in view of the objections raised and the position taken by the parties, we think that the various orders appealed from should be affirmed. Appellant was not entitled to terminate the reference because the referee's report was not filed with the clerk or delivered to the attorney for one of the parties within sixty days from the time when the matter was finally submitted. Subdivision 3 of section 470 of the Civil Practice Act only applies to the trial by a referee of an issue of fact, or to a reference pursuant to section 467 of the Civil Practice Act. The reference in this case was neither; it was one to take proof and report to the court on certain specified matters. Besides appellant waived any rights he might have because of the failure to file said report by opposing the confirmation of the same, and by appealing from the order of confirmation. The first report is very informal and such findings as are made are not separately stated or numbered, but as a report upon a reference to hear and report to the court it is, in our opinion, sufficient. No judgment has ever been entered upon that report, and the judgment which has been entered makes no reference to any of the matters discussed by the referee in his first report. The second report, while not as formal as might be wished, makes positive and specific findings as to costs. The referee says: " I make these findings and allowances," etc. True the report does not order judgment to be entered in accordance with the findings, but the referee had no such authority. He was appointed not to hear, try and determine, but to take proof and report, and his report was subject to confirmation. The order of confirmation is broad enough to authorize the judgment entered. It might have been better if it had directed judgment in so many words, but we think that the statement that the report " be and

the same is hereby in all respects confirmed and said allowances are made as hereinabove recited " is sufficient to authorize the entry of the judgment, which in fact conforms strictly to the findings of the referee. The appellant is only concerned on this appeal with the judgment against him personally for costs. The merits of that controversy are not before us. Appellant challenges only the regularity of the judgment, for the reason, as he claims, that he had terminated the reference and there was, therefore, no report to confirm, and because, if there was any report, it did not conform to the requirements of the Civil Practice Act, and because there was no direct authority in the report or orders of confirmation to enter the judgment. Appellant is not concerned with the allowance of costs to the named attorneys against other parties, and as they do not object that matter is not before us at this time.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Orders affirmed, with ten dollars costs and disbursements.