LEXINGTON CONCRETE CORPORATION, Plaintiff, *v.* WILLIAM P. MCGARRY COMPANY and Others, Defendants.

Supreme Court, Special Term, New York County, December 7, 1938.

*Abraham N. Geller*, for the plaintiff.

*William C. Chanler, Corporation Counsel*, for defendant city of New York.

*Weinstein & Levinson*, for defendant William P. McGarry Company.

*Duberstein & Schwartz*, for Fort Greene National Bank and Federal Deposit Insurance Corporation, as receiver of Fort Greene National Bank in liquidation.

*Reit & Reit*, for Browning Decorating Co., Inc.

*William Howard Lundin*, for M. & A. Plastering Corp.

*Milton Maurice Meyer*, for Ferdinand Alexander, Inc.

*Phillips & Avery*, for Sargent & Co.

*Folger, Rockwood, Wormser & Kemp*, for General Bronze Corporation.

*Maurice E. Serling*, for Empire Door Company.

*Joseph E. Pinto*, for Bar Ray Products, Inc.

*Levy, Galotta & Corcoran*, for Domenick De Negris.

*M. Carl Levine*, for Frank Scolaro Marble Co., Inc.

*Hovell, McChesney, Clarkson & Klupt*, for Henry Miles & Sons, Inc.

*Joseph W. Zeller*, for David D. Kennedy, Inc.

*George E. Fleming*, for J. J. Flood & Co

*Louis Corash*, for Watson Manufacturing Company.

*Maurice R. Whitebook*, for John F. McKee.

NOONAN, J. This is a motion by the defendant City of New York to consolidate an action at law commenced in March, 1938, in the Supreme Court, Kings county, with an action in equity commenced in November, 1937, in the Supreme Court, New York county.

The city of New York made a contract with William P. McGarry Company for the construction of a hospital building in the borough of Brooklyn. That contractor assigned moneys due under the contract to the Fort Greene National Bank, now in liquidation. The New York county action was brought by the Lexington Concrete Corporation, a subcontractor, which claims that there is due to it $2,576.70, for which amount it filed a mechanic's lien. All other mechanics' lienors as well as the general contractor, William P. McGarry Company, were made parties defendant, and the Fort Greene National Bank and its receiver in liquidation were also made parties defendant, plaintiff alleging that the assignments by the general contractor to such bank are invalid because

" executed and filed to secure antecedent indebtednesses " and also that " all or a substantial portion of the advances, if any, made upon such assignments " have been repaid. Plaintiff seeks in that action to have the amount due from the defendant City of New York to the general contractor determined, to have the order of priority of the different liens and the rights of the assignee bank determined, and " that the plaintiff have judgment against the defendant William P. McGarry Company for any deficiency that may remain after applying all of such moneys of the defendant The City of New York so applicable thereto upon the plaintiff's lien."

The defendant City of New York concededly holds about $36,000, which sum, due on account of the public improvement, the city is presumably willing to pay in accordance with any determination as to priorities which may be made in the New York county action. The mechanics' liens aggregate approximately $24,000, so that the essential purpose of the New York county action is to secure an adjudication as to the validity of the assignments by the William P. McGarry Company to the Fort Greene National Bank. If these assignments are held invalid, there will be sufficient to satisfy all the lienors. If upheld, the assignee will take the fund, and the lienors will receive no part thereof, assuming that the city's indebtedness does not exceed the conceded amount of approximately $36,000.

Although the general contractor, William P. McGarry Company, is a defendant in the Kings county action, it did not there interpose an answer asserting its claim against the city. Instead, it brought an action at law against the city about four months later, March, 1938, based upon the construction contract and for extra work and materials and for damages for various alleged breaches by the city, demanding $113,650.46. The assignee, Fort Greene National Bank, and its receiver in liquidation joined in the action as parties plaintiff. A jury trial was demanded, apparently by plaintiffs.

The only party seeking consolidation is the defendant city. The plaintiffs in both actions oppose it.

The central issues in the respective actions are not the same. The principal issue in the New York county action is the validity of the assignments to the Fort Greene National Bank, and their priority over the mechanics' liens, an issue which it would be unnecessary to determine if in the Kings county action it should be decided that, instead of but approximately $36,000, there is due to the general contractor from the city a sum in excess of $113,000. As the assignee claims around $66,000 and the mechanics' liens total about $24,000, a recovery against the city in the aggre-

gate amount of these figures would be necessary to satisfy in full the demands of the assignee and of the lienors.

The respective actions thus turn on different issues. In the New York county action the city's position is analogous to that of a stakeholder. The dispute there is between the mechanics' lienors and the assignee bank. In the Kings county action the contest, between the general contractor and the city, involves the amount due from the latter. The general contractor refrained from joining issue with the city in the New York county equity action, preferring to bring an action at law, in which it demanded trial by jury. The plaintiffs in the Kings county action, the general contractor and the assignee bank, are not to be deprived of their right to a jury trial. The consolidation of this action with the New York county action in equity would not be feasible, as the former action is triable before a jury and the latter by the court sitting without a jury. In view of the divergence of issues, no useful purpose would be served by consolidation.

The motion to consolidate the actions is denied.

Order signed.