JOSEPHINE MERCANDANDE, as Assignee of THERESA FERRAIOLI, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Second Department, December 26, 1939.

*Francis J. Duffy* [*Ralph Earl Prime, Jr.*, with him on the brief], for the appellant.

*Myron J. Shon*, for the respondent.

HAGARTY, J.   After a trial of the issues in this case before the court without a jury, the case was finally submitted to the court for determination on the 15th day of December, 1938.   On the 25th day of March, 1939, no decision having been rendered by the court, and more than twenty days having expired since the final submission, the defendant, pursuant to section 8█ of title V of the

City Court of Yonkers Act (Laws of 1893, chap. 416, as amd.), filed a new note of issue with notice of election to retry the case, with proof of service upon the party plaintiff. The practice adopted by defendant complied with the requirements of the City Court of Yonkers Act, since rule 150 of the Rules of Civil Practice dispenses with the old practice of serving a notice of trial and provides only for a note of issue. In such a case the action must thenceforth proceed as if there had been no trial, and the trial court was without power to strike the case from the calendar and direct the entry of judgment in favor of the plaintiff and against the defendant upon a decision subsequently filed. (*Rowell* v. *Lehigh Valley Railroad Co.*, 227 App. Div. 205.) The question raised by appellant involving the merits on the first trial need not be considered in view of the disposition about to be made on this appeal.

We are further of opinion that this was a proper case for the interpleader of the individuals named in the notice of motion made by the defendant for that relief.

The order made by the City Court of Yonkers granting plaintiff's motion to strike the case from the trial calendar, and permitting the entry of judgment in favor of the plaintiff and against the defendant, should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The order denying defendant's motion to interplead certain designated defendants, including the administrator of the estate of the plaintiff's claimed assignor and other claimants under the insurance policy, the subject of this action, should be reversed on the law and the facts, without costs, and the motion granted, with ten dollars costs. The appeal from the judgment should be dismissed, with ten dollars costs and disbursements, payable by the respondent, without prejudice to an application to the City Court of Yonkers to vacate the judgment.

CARSWELL, ADEL and TAYLOR, JJ., concur; LAZANSKY, P. J., concurs in result.

Order of the City Court of Yonkers granting plaintiff's motion to strike the case from the trial calendar, and permitting the entry of judgment in favor of the plaintiff and against the defendant, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Order denying defendant's motion to interplead certain designated defendants, including the administrator of the estate of plaintiff's claimed assignor and other claimants under the insurance policy, the subject of the action, reversed on the law and the facts, without costs, and the motion granted, with ten dollars costs.

The appeal from the judgment is dismissed, with ten dollars costs and disbursements, payable by the respondent, and without prejudice to an application to the City Court of Yonkers to vacate the judgment.