MARGUERITE CRAMER, Plaintiff, *v.* TRAVELERS INSURANCE COMPANY et al., Defendants.

Supreme Court, Queens County, February 26, 1943.

*Moran, Galli & McGlinn* for Travelers Insurance Company, defendant.

*Andrew J. Todaro* for plaintiff.

*Edwin C. Morsch* for Louise Angell, defendant.

*Samuel K. Maccabee* for Frank D. Cramer, defendant.

RUBENSTEIN, J. This is a motion by the defendant The Travelers Insurance Company (1) for a consolidation; (2) for an order of interpleader and substitution of parties; and (3) for an order of payment into court and its discharge herein.

The facts out of which the respective claims of the parties arise may be stated as follows: The deceased, Edward J. Cramer, was an employee of the Great Atlantic & Pacific Tea Company, and as such had issued to him by the defendant insurer two certificates of life insurance, subject to the terms and conditions of a certain " Master " group life policy issued by the insurer to the employer. The said certificates were issued and delivered to the deceased in July, 1929, and February, 1930. The designated beneficiary in both was " M. J. Cramer, wife." On July 3, 1942, the deceased effected a change of beneficiary in said certificates of insurance from his wife to " Frank D. Cramer, brother, if living, otherwise to Louise Angell, friend." On October 10, 1942, the deceased executed a will, which by its terms, provides in part: " *Second:* I give, devise and bequeath to my daughter, Claire Cramer, the sum of five hundred dollars, to be hers absolutely and forever.

"*Third:* I direct that the balance of my estate be divided into three equal parts and I give, devise and bequeath the same as follows: one third thereof to my wife, Marguerite Cramer; Two of such equal parts to Louise Angell of 63-31 77th Place, Middle Village, N. Y.

"*Fourth:* I anticipate that if I die as a result of an injury to my foot which has caused my present illness, there will be a death benefit payable as a result of my employment by the Great Atlantic and Pacific Tea Company, and the compensation insurance carried by said employer. I direct that said insurance and all other insurance payable at my death, which is now payable to my brother Frank D. Cramer, and in the event of his death to Louise Angell, be paid instead to my estate, and be distributed in accordance with the provisions of this my will. * * *

"*Sixth:* I hereby nominate and appoint my friend, Louise Angell, of 63-31 77th Place, Middle Village, New York, to be executor of this my last will and testament, to serve without bond."

On October 17, 1942, the insured died, and on October 19, 1942, the defendant insurer received a notice from the attorney for Louise Angell, the executrix, to the effect that the will directed that all of the decedent's insurance be paid to the estate of the deceased. On December 18, 1942, letters testamentary were issued to Louise Angell as executrix. In the meantime and on November 4, 1942, Marguerite Cramer, the insured's widow, commenced an action in the Supreme Court, Queens County. In substance she alleges that the defendants Louise Angell and Frank D. Cramer maliciously induced the breach of a contract entered into between herself and her husband wherein and whereby the deceased had agreed to continue her as the beneficiary of the policies herein. That case is now on the Jury Calendar, plaintiff having requested such a trial and paid the fee therefor. In that action the widow named the insurer The Travelers Insurance Company as a nominal party defendant. Moreover, it does not appear that plaintiff has alleged any cause of action against the latter defendant, for, as a matter of fact, the complaint alleges: "*Fourth:* Upon information and belief, that the defendant, the Travelers Insurance Company, is included as party defendant herein only for the reason that it is obligated to pay moneys due on Certificates 85491—85491-X —G-3940, being a group life insurance issued among others on the life of Edward J. Cramer, the deceased husband of the plaintiff."

On December 17, 1942, the deceased's brother, Frank A. Cramer, instituted an action in the Supreme Court, New York County, against the defendant insurance company, to recover as beneficiary under the terms of the certificates of insurance. That action is not at issue for the reason that, at the time of the argument of the motion, defendant's time to answer had not expired.

Later, and on or about December 29, 1942, Louise Angell, as executrix of the insured's estate, instituted discovery proceedings in the Surrogate's Court, Queens County, to discover any personal property of the deceased. On January 14, 1943, Louise Angell, as executrix, moved in the Surrogate's Court for an order transferring the actions referred to above to the Surrogate's Court. On January 20, 1943, Frank C. Cramer moved in the Surrogate's Court for an order dismissing the said petition. Both motions are as yet undetermined.

The defendant insurance company contends that the above actions should be consolidated and further, that it is holding the proceeds of the certificates of insurance as a stakeholder, inasmuch as it cannot determine who is in fact the true owner thereof without great hazard to itself. It offers to pay the proceeds of the insurance into court upon being discharged from further liability to the said Marguerite Cramer, Louise Angell, individually and as executrix, and Frank Cramer, in order that they may thus settle and adjust their claims among themselves.

Consolidation is within the discretion of the court. (*Argyle Co.* v. *Griffith,* 128 App. Div. 262.) The purpose of consolidation is to facilitate and expedite the trial of law suits, and a motion to consolidate ought not to be granted unless it appears from the moving papers that the questions sought to be tried are substantially the same in both suits so that to the court the consolidation seems expedient. Here, the nominal defendant insurance company in the Supreme Court, Queens County, action seeks a consolidation. At best that action is one for maliciously inducing a breach of contract which sounds in tort for damages. (*Gonzales* v. *Kentucky Derby Co.,* 197 App. Div. 277, 282; *Campbell* v. *Gates,* 236 N. Y. 457; *Hornstein* v. *Podwitz,* 254 N. Y. 443.) In the latter case the court stated the essentials of such an action at page 448: " * * * one who, having knowledge of an existing valid contract between others, intentionally, knowingly and without reasonable justification or excuse, induces one of the parties to the contract to breach it to the damage of the other party, is liable in an action to recover the damages suffered. The action is predicated on the intentional interference without justi-

fication with contractual rights, with knowledge thereof. Such interference constitutes a legal wrong, and if damages result therefrom a valid cause of action exists therefor."

The other action sought to be consolidated is one brought by the brother, Frank D. Cramer, to obtain the proceeds of the deceased's life insurance. In order to recover in such an action plaintiff must allege and prove the contract of insurance and the terms thereof; the payment of premiums; that the plaintiff and the insured have duly performed all the conditions of the policy so issued in performance of the contract of insurance; the death of the insured; proper service of proofs of death; the nonperformance of the contract of insurance by the defendant in failing to pay the amount of the insurance upon the life of the insured, and the demand for judgment. From the foregoing it is obvious that the actions proposed to be consolidated have no common questions of law or fact and, in consequence, defendant's motion should be denied. (*Brody* v. *Madison Lunch Inc.*, 199 App. Div. 640; *Lexington Concrete Corp.* v. *McGarry Co.*, 170 Misc. 233.)

The defendant insurance company also seeks relief by way of interpleader. A motion of that character is permitted in a pending action " to recover upon a contract or an action of ejectment or an action to recover a chattel." (Civ. Prac. Act, § 287.) The present application is made in an action predicated upon a tort and not one within the purview of the foregoing section. In the circumstances the motion for interpleader should be made in the action brought by Frank D. Cramer in the Supreme Court, New York County, to recover under the certificates of insurance. That an application may be properly made in such an action was so held in *Pierce* v. *Mutual Life Ins. Co.* (190 N. Y. S. 50); *Clark* v. *Mosher* (11 N. Y. St. Repr. 758); *St. John* v. *Union Mutual Life Ins. Co.* (132 App. Div. 515); *Singer* v. *New York Life Ins. Co.* (160 N. Y. S. 442); *Mercandande* v. *Prudential Ins. Co.* (258 App. Div. 283); and more recently in *Rosen* v. *Equitable Life Assur. Soc.* (289 N. Y. 333).

I am of the opinion, therefore, that defendant's motion to consolidate should be denied. The application for interpleader should also be denied, but without prejudice to a renewal in the action pending in the Supreme Court, New York County.

In the light of the foregoing disposition, I do not think it is necessary to discuss any of the other points raised by counsel.

**Submit order.**