In the Matter of the Accounting of J. EVERETT VOGT, as Ancillary Executor of ERNEST DU P. MEYROWITZ, Deceased.

Surrogate's Court, New York County, October 26, 1951.

*Edward F. X. Ryan* for Jean M. Tuthill and another, for motion.

*Edward H. Beck,* special guardian for Anne G. Meyrowitz and others, infants, for motion.

*Root, Ballantine, Harlan, Bushby & Palmer* for Jean G. Meyrowitz, general guardian of Anne G. Meyrowitz and another, infants, for motion.

*Joseph G. Blum* and *Daniel Gersen* for ancillary executor, opposed.

*Leon W. Gibson* and *Walter E. Warner, Jr.,* for E. B. Meyrowitz, Inc., opposed.

Collins, S. The issues raised in the proceeding for judicial settlement of the account of the ancillary executor were referred to a Referee to hear and report. The accounting proceeding was only one of several proceedings in this estate that was so referred. In the separate proceeding for revocation of letters, hearings were held on eleven days between May 18, 1949, and June 13, 1949, and were concluded on March 13, 1950. In the accounting proceeding, hearings were held on thirty-four days between June 27, 1949, and March 13, 1950. The briefs were not finally submitted by counsel until some time in June, 1950. The Referee filed a report in the separate proceeding for revocation of letters and in an accounting in a related estate. Before any report was filed in this accounting proceeding, the ancillary executor and the principal claimant each served a notice to terminate the reference of the accounting pursuant to section

470 of the Civil Practice Act on the ground that the written report of the Referee was not filed within sixty days from the time the matter was finally submitted to him. Certain of the respondents in the accounting move to vacate the notice to end the reference. They contend that section 470 is not applicable to proceedings in the Surrogate's Court, and that even if it were applicable, the sixty-day requirement has been waived.

The statute, insofar as material reads: " The following regulations shall apply to a referee's report: * * * (3) Upon the trial by a referee of an issue of fact, or where a reference is made as prescribed in section four hundred and sixty-seven of this act, his written report either must be filed with the clerk or delivered to the attorney for one of the parties within sixty days from the time when the cause or matter is finally submitted; otherwise either party before it is filed or delivered may serve a notice upon the attorney for the adverse party that he elects to end the reference. In such a case the action must thenceforth proceed as if the reference had not been directed; and the referee is not entitled to any fees." (Civ. Prac. Act, § 470.) The right to terminate the reference is an absolute one. (*Morrow* v. *McMahon*, 71 App. Div. 171, 172.) " The provision is mandatory in its terms, and leaves no discretion to the court." (*Rowell* v. *Lehigh Vall. R. R. Co.*, 227 App. Div. 205, 206.) The motives of a party in terminating the reference or the reasonableness of excuse for failure to file the report within the time specified, are wholly immaterial.

Note should be made of the text of section 470. It prescribes " regulations " applicable to a referee's report. The first two subdivisions are in general terms. The report must comply with the requirements relating to a court decision in a like case (subd. 1). Where the whole issue is an issue of fact, the report stands as the decision of the court (subd. 2). The third subdivision, however, specifies certain types of reference to which its terms are applicable, namely, upon " the trial by a referee of an issue of fact ", or " where a reference is made as prescribed " in section 467.

Section 66 of the Surrogate's Court Act governs references in this court. In proceedings other than for probate of a will, the Surrogate is granted discretion to " appoint a referee to take and report to the surrogate upon the facts, or upon a specific question of fact, or upon the law and the facts; to examine an account rendered and to hear and report all questions of law and fact arising upon the settlement of such account which the surrogate has power to hear and determine;

subject, however, to confirmation or modification by the surrogate." Section 66 further provides: " Such a referee has the same power and is entitled to the same compensation as a referee appointed by the supreme court for the trial of an issue of fact in an action and *the provisions of law applicable to a reference by the supreme court apply to a reference made as prescribed in this section,* so far as they can be applied in substances without regard to the form of proceeding." (Emphasis added.) In respect of this text, the Court of Appeals has said: " How much or how little is accomplished by this very general language it may trouble us some day to determine. It seems to open everything and settle nothing." (*Matter of Clark,* 119 N. Y. 427, 430.) In the pending proceeding, however, the problem is not so much an interpretation of this " very general language " of the Surrogate's Court Act as it is a construction of section 470 of the Civil Practice Act. Despite some very general statements in some of the decisions, it seems to the court that section 470 has uniformly been accorded a very strict interpretation and has been held applicable only to references of the type expressly stated therein. Because some of the pertinent decisions discuss statutory provisions as they appeared in the old codes, it becomes necessary to advert briefly to the historical development of the statutes.

Sections 270 to 273 of the old Code of Procedure (L. 1848, ch. 379, as amd. by L. 1849, ch. 438) related to references by courts of general jurisdiction. Those provisions do not differ greatly from the now applicable statutes. (Cf. Code of Procedure, § 270 and Civ. Prac. Act, § 464; Code of Procedure, § 271 and Civ. Prac. Act, §§ 466, 467, and Code of Procedure, § 272 and Civ. Prac. Act, § 469 in part, § 470, subd. 2.) Section 273 dealt with the selection of referees. The last sentence of that section is the source of present subdivision 3 of section 470 of the Civil Practice Act. As amended in 1862 (L. 1862, ch. 460, § 11) it provided that the referee should make and deliver his report within sixty days from the time the action shall be finally submitted, - and " on default thereof * * * the action shall proceed as though no reference had been ordered." In 1866, the section was amended to read: " The referee or referees shall make and deliver a report within sixty days from the time the action shall be finally submitted; and in default thereof, and before the report is delivered, either party may serve notice upon the opposite party that he elects to end the reference; and thereupon the action shall proceed as though no

reference had been ordered and the referee shall not, in such case be entitled to any fees.'' (L. 1866, ch. 824, § 8.)

The provisions relating to references in the Supreme Court were continued in sections 1011 to 1019 of the Code of Civil Procedure enacted in 1876 (L. 1876, chs. 448, 449, as amd. by L. 1877, chs. 416, 422). As amended in 1882, section 1019 provided: '' Upon the trial, by a referee, of an issue of fact, or an issue of law, or where a reference is made as prescribed in section one thousand and fifteen of this act, the referee's written report must be either filed with the clerk, or delivered to the attorney for one of the parties, within sixty days from the time when the cause or matter is finally submitted ''. (L. 1882, ch. 397.) The remainder of the text was virtually identical with the parallel text of section 470 today. The words, '' or an issue of law,'' were omitted in 1921 (L. 1921, ch. 372).

It will be noted that no substantial change has been made in the statute since 1882, except for the elimination in 1921 of the words '' or an issue of law ''. The 1921 amendment of this and other sections was stated to have been made for the purpose of conforming the statute to the proposed rules of civil practice. Rules 106 to 112 dealt with motions addressed to pleadings and were apparently believed to provide an effective method of disposing of pure issues of law without a reference.

The present power of the Surrogate to refer issues to a referee finds its origin in a statute relating only to the Surrogate's Court of New York County. (L. 1870, ch. 359, § 6.) In the revision which culminated in the Code of Civil Procedure, the power theretofore limited to one county was extended to all Surrogates. (See Throop's Annotated Code of Civil Procedure, § 2546, Reviser's Notes.) Section 2546 of the Code of Civil Procedure, in part, read: '' Such a referee has the same power, and is entitled to the same compensation, as a referee appointed by the supreme court, for the trial of an issue of fact in an action; and the provisions of this act, applicable to a reference by the supreme court, apply to a reference, made as prescribed in this section, so far as they can be applied in substance, without regard to the form of the proceeding.''

In *Godding* v. *Porter* (17 Abb. Prac. 374 [1864]) it was held that section 273 of the Code of Procedure was not applicable to a reference of a claim against the estate of a deceased person. However, in view of the changes made in the various statutes since that decision, its reasoning is no longer applicable and it has no real force as a precedent.

The decisions construing subdivision 3 of section 470 and its predecessor section 1019 of the code, have been relatively few in number. No attempt seems to have been made to determine the precise objective which the Legislature was attempting to achieve and whether its purpose could be best realized within a limited area or over the whole field of judicial references. The decisions are not always in agreement in defining the extent of the statute's operation but they are generally agreed in according to the statute only strict interpretation and in giving it operative effect only within the field expressly stated therein.

Thus, in *Bennett* v. *Pittman* (48 Hun 612 [1888]) a reference was made in a proceeding to compel an attorney to pay over money received by him for petitioner and the lower court held that a notice of termination under section 1019 terminated the reference. Mr. Justice WILLARD BARTLETT said (p. 613): "If the referee had been directed to try an issue of law or an issue of fact, or to take an account, or to determine and report upon a question of fact in an action, the conclusion of the learned judge below would have been correct, for section 1019 of the Code of Civil Procedure permits a reference to be terminated in any of these cases where the report is not filed or delivered within sixty days from the time when the case or matter is finally submitted. But a reference to take proof in a special proceeding to compel an attorney to pay over money does not fall within the scope of this section, and is not terminable in the manner therein prescribed. The provisions of the section are stringent, and their application should not be extended by construction, but should be carefully limited to the cases expressly mentioned therein. They relate only to references in actions as distinguished from special proceedings; and that this matter is a special proceeding admits of no doubt."

*Matter of Doyle* v. *Mayor* (26 Misc. 61 [1899]) also held that section 1019 was limited in operation and did not apply to a special proceeding.

*Matter of Thompson* (247 App. Div. 605) involved an accounting proceeding by a testamentary trustee in the Supreme Court. The proceeding in that case was similar in character to the proceeding in the pending case. The court said (p. 606): "Appellant was not entitled to terminate the reference because the referee's report was not filed with the clerk or delivered to the attorney for one of the parties within sixty days from the time when the matter was finally submitted. Subdivision 3 of section 470 of the Civil Practice Act only applies to the trial by a referee of an issue of fact, or to a reference pursuant to

section 467 of the Civil Practice Act. The reference in this case was neither; it was one to take proof and report to the court on certain specified matters.''

*Matter of Venable* (111 App. Div. 508 [1906]) is cited as authority for a more liberal interpretation of section 1019 as well as of section 2546 of the Code (Surrogate's Ct. Act, § 66). Upon analysis, however, it seems to stand for the contrary and to be in accord with the decisions just discussed. The reference in that case was one to take and state the account of an assignee for the benefit of creditors. The proceeding was in the Supreme Court. The court discussed section 2546 of the code because the General Assignment Act (L. 1877, ch. 466, § 20, subd. 9; now Debtor and Creditor Law, § 15, subd. 17) provided that the court could exercise such other powers in respect of the proceeding `` as a surrogate may by law exercise in reference to an accounting by an executor or administrator.'' Both sections, read together, made applicable to assignments for creditors, the general provisions of law applicable to references by the Supreme Court. Certain of the statements in the opinion, when removed from their context, might indicate a view that section 1019 applied to every reference of any issue. However, the court took care to point out that the reference was to take and state an account for the information of the court, that such a reference was expressly authorized by section 1015 of the Code and that section 1019 explicitly included all references made pursuant to section 1015. Moreover, the court took occasion to discuss *Bennett* v. *Pittman* (*supra*) and to point out that that decision was not applicable. It quoted Mr. Justice BARTLETT's statement that if the Referee had been directed `` to try an issue of law or an issue of fact or to take an account '' the reference would have been terminable by notice. In view of its holding that the reference before it `` was to take and settle the account of the assignee for the information of the court '' and its analysis of the decision in *Bennett* v. *Pittman,* it seems clear that the court was recognizing the authority of that case; not rejecting it.

*Matter of Dunn* (164 App. Div. 134) which is also cited as authority for applying section 470 to all references in Surrogates' Courts, did not involve that section in any way and is not relevant to the present discussion.

Two decisions by Surrogates have arrived at opposite results. *Matter of Santos* (31 Misc. 76) assumed the applicability of section 1019 to a reference by the Surrogate of an accounting, without any discussion of the problem. *Matter of Robinson* (53 Misc. 171) held that section 1019 was not applicable to the

reference of an accounting by the Surrogate. The decision did not discuss that portion of the text of section 2546 of the Code of Civil Procedure which made applicable the provisions of law governing references in the Supreme Court. In an attempt to reconcile the two decisions, as well as general statements in other decisions, text writers have interpreted them as setting forth the rule that section 470 applies in Surrogates' Courts to references to hear and *determine* but does *not* apply to references to hear and *report* (1 Jessup-Redfield on Surrogates Law & Practice [Rev. ed.], § 403; Butler on Surrogate Law & Practice, Vol. 1-A, § 678; 1 Warren's Heaton on Surrogates' Courts [6th ed.], p. 687), though some doubt is expressed as to whether it applies to any reference by the Surrogate (Warren's Heaton, *supra*). These distinctions, however, are drawn on the basis of facts not appearing in the decisions.

The legislative history of the statute, when read in parallel with the judicial interpretations, is significant. The earliest form of the statute was general in terms and did not limit the provision in question to any particular type of reference (See Wait's Code of Procedure [1871], § 273) except such as might have been implicit in the word " action ". The succeeding changes in the statute introduced text which appeared to limit rather than expand the scope of a statute which the courts consistently have interpreted narrowly.

The court is of the opinion that the weight of authority requires strict construction of subdivision 3 of section 470. A party is given an absolute right to terminate a reference for delay in making report only (1) where the referee was required to try merely an issue of fact, or (2) where the reference was made pursuant to section 467. Under the latter section, the court is empowered, of its own motion, to " direct a reference to take an account and report to the court thereon, either with or without the testimony, after interlocutory or final judgment, or where it is necessary to do so for the information of the court; and also to determine and report upon a question of fact arising in any stage of the action, upon a motion or otherwise, except upon the pleadings."

In section 66 of the Surrogate's Court Act the Surrogate is given powers to direct a reference which appear to be somewhat broader than those granted in sections 464 to 467 of the Civil Practice act. The Surrogate may appoint a referee to take and report upon the facts, upon a question of fact, or upon the law and the facts, to examine an account and to hear and report all questions of law and fact arising upon the settlement of the

account which the Surrogate has power himself to hear and determine. The power of the court to direct a reference, of its own motion, appears to be more limited under the Civil Practice Act. Even where issues of fact require the examination of a long account, the court may refer the issues of fact only where the trial "will not require the decision of difficult questions of law." (Civ. Prac. Act, § 466.)

In the pending accounting, the matter was referred to the Referee to hear and report upon all of the issues raised by the objections to the account. The objections raised issues of fact and issues of law. The issues of fact and of law were alike complicated and difficult. Under the authorities, this type of reference is not one that may be terminated by notice under section 470. References in Surrogates' Courts must be "to hear and report" and, except when made to an Official Referee, may not be to hear and determine. The matter is thus always under the control of the court. A reference may be terminated by order of the Surrogate whenever, in his discretion, it appears proper to do so.

The present motion is addressed only to the notice to end the reference. The court holds that such notice is not effectual to end the reference.

Submit order on notice accordingly.