LOUIS GONZALES, Respondent, *v.* ISIDOR REICHENTHALER, Appellant, Impleaded with Another.

*Equity — lease of gaming device with exclusive privilege of operating game at certain place — when injunction will issue restraining another lessee of similar device from operating it at place named in plaintiff's lease.*

*Gonzalez* v. *Kentucky Derby Co.*, 197 App. Div. 277, affirmed.

(Submitted April 17, 1922; decided May 2, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial

department, entered October 19, 1921, which modified and affirmed as modified an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The complaint alleged that the plaintiff entered into a written contract with the defendant Kentucky Derby Co., Inc., under which the company leased to the plaintiff " One ten-horse Kentucky Derby device or game " and agreed that it would not operate, sell or lease " any other Kentucky Derby game or device to be operated on the thoroughfare known as the Bowery, Coney Island, N. Y., during the season of 1918, or as long thereafter as the said Gonzales wishes to have the exclusive right to operate the same game or device on the thoroughfare as hereinafter provided." The complaint further alleged that with the knowledge of the agreement, this appellant negotiated with the company for the purchase " of a game or device, the same as the said game leased to plaintiff or like or similar or corresponding thereto," did purchase such like or similar game and operated the same, and the plaintiff demanded judgment that an injunction issue restraining this appellant from operating the said game or any game similar thereto at the place referred to in plaintiff's lease. The following questions were certified: " 1. Is it an actionable wrong knowingly and intentionally to induce the breaking of a contract between third parties without active fraud or fraudulent misrepresentation, but for the purpose of securing a benefit at the expense of a party to the contract. 2. Is active fraud or fraudulent misrepresentation, as distinguished from intentional injury or constructive fraud, a necessary element in a cause of action for inducing a breach of contract between third parties. 3. Do the findings of fact, with the admissions in the pleadings, support the interlocutory judgment? "

Samuel Abrahams and Jerome A. Strauss for appellant.

Charles E. McMahon and George B. Hayes for respondent.

Order affirmed, with costs; first and second questions certified not answered; third question answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.