THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL SHAFER, Appellant.

County Court, Monroe County, July 17, 1936.

*Jacob Ark* [*John M. Keating* of counsel], for the appellant.

*Daniel J. O'Mara, District Attorney* [*Thomas Culhane, Assistant District Attorney*, of counsel], for the respondent.

KOHLMETZ, J. For the purpose of attracting persons to the moving picture theatre of which the defendant was manager, a scheme was conducted known as bank nite, which the People claim is a lottery. The information charges that on the 12th day of June, 1936 the defendant offered " property for disposal dependent upon the drawing of a lottery." Briefly the details of the scheme are as follows: A book known as a registration book was placed in the lobby of the theatre and the purpose of this book was to obtain signatures of persons who desired to participate in a drawing for money donated by the theatre to the winners on the drawing and at the time of the signing of the book a number was assigned to each person who

signed the book. The persons signing paid nothing whatever for the privilege of signing and for participating in the drawing and understood thoroughly that they assumed no obligation in any shape or form. The winner was not required to purchase an admission ticket for the performance at the theatre and it was thoroughly understood that participation in the drawing was absolutely free. On each Friday night there was a drawing for a number and on June 12, 1936, the witness Slattery, who had signed the book in January, 1936, won a prize amounting to $175. Before the number was drawn the conditions under which the gift was given were thoroughly explained by the defendant to the persons in the theatre as well as to the persons in the lobby who participated in the drawing. These conditions were contained in a typewritten statement which was read to the people in the theatre prior to the drawing. This statement, which is made a part of the information in this case, specifically states that " the purchase of a ticket of admission is not a condition to the granting of the opportunity to participate in the award. It makes no difference whether you are in or out of the theatre and if the winner should not be in the theatre he or she may come into the theatre and claim the award without any condition or requirement of any kind other than that contained in the rules." The rules stated that it was not necessary to purchase a ticket of admission to register and that no ticket was required to claim the award. They also state specifically that the participant in the drawing assumed no obligation when he registered. In other words, the only act on the part of the participant in the drawing that was required was the signing of his name in the registration book. After the number was drawn the name and address of the winner was ascertained from the registration book and that person's name was called in the theatre and in the lobby. If that person was present in the theatre, he received the prize. If the person was in the lobby or street, he could come into the theatre without a ticket and get his prize without an admission fee or any other or further condition. If the person was not in the theatre or in the lobby at the time his name was called, the manager waited five minutes, and if no one claimed the prize it was added to the next week's prize.

Lottery is defined under section 1370 of the Penal Law as follows: " A ' lottery ' is a *scheme* for the distribution of property by chance, among persons who have paid or agreed to pay a valuable consideration for the chance, whether called a lottery, raffle, or gift enterprise, or by some other name." Under this definition there are two essential elements which constitute lottery: *First,* a scheme for the distribution of property by chance; *second,* payment or

agreement to pay a valuable consideration for the chance. It is conceded by the parties to this action that the first element was proven on the trial so that it is only necessary for us to determine whether or not there was proof that a valuable consideration was paid or an agreement either express or implied was made to pay a valuable consideration for the chance. The trial court held that "the rules require the presence of the winner in the lobby and require making himself known within five minutes and the court deems that it would be sufficient consideration." I cannot agree with that interpretation of the law because I fail to see how the requirement of the presence of the participant in the theatre or lobby constitutes a payment of a valuable consideration or an agreement to pay it. In my opinion either the payment of a valuable consideration or an agreement to pay for the chance must precede the drawing. It is, therefore, necessary to consider the proof in this case as to what took place at the time the participants signed the registration book, for that was the time when the right was acquired to participate in the drawing. As already stated above, there was a distinct understanding with the people who signed the book that they would not be required to pay anything for the chance and that they would assume no obligation whatever. They are not even required to purchase a ticket of admission and the winner could go into the theatre to obtain his prize without any expense to him. The record in this case shows that there was a total lack of proof that any consideration was paid or that there was an agreement either express or implied to pay it.

The authorities seem to be in accord with these views. The principles involved in the case at bar are the same as those in the case of *People* v. *Mail & Express Co.* (179 N. Y. Supp. 640; affd., 192 App. Div. 903; affd., 231 N. Y. 586). In that case the owners of a newspaper conducted a scheme of giving away cash prizes for the purpose of increasing the circulation of the paper. The participants paid nothing for the chance to participate in the drawing. The only difference that I can find between that case and the instant case is, that the winners in the *Mail & Express* case were required to call at the office of the newspaper within five days to receive the prize, while in the instant case the participants were required to appear at the theatre within five minutes after the announcement that they had won. It seems to me that the case cited is an answer to the trial judge when he ruled that the requirement of the presence of the winner in the lobby and making himself known within five minutes is sufficient consideration.

There are two cases in other jurisdictions which are exactly in point because this same bank nite scheme was under consideration.

In the case of *State* v. *Hundling* (220 Iowa, 1369; 264 N. W. 608) the Supreme Court of the State of Iowa delivered a very comprehensive opinion in which the conclusion was reached that in the bank nite scheme the element of consideration was absent and held that it was not a violation of the law. The facts in that case are almost identical with those of the instant case and I am satisfied that the logic of the judge who wrote the opinion is sound. The other case in which this same scheme was considered is that of *State* v. *Eames* (—— N. H. ——; 183 A. 590). In that case the facts are the same as the case under consideration and the court arrived at the same conclusion. In other words, it was held that the participant did not pay a valuable consideration for the chance to participate and that the scheme, therefore, did not constitute a violation under the statute. In the opinion the court makes this statement: " Regardless of the motive which induced the defendant to give such free participation, the scheme is not within the ban of the statute. Violation is shown only when, regardless of the subtlety of the device employed, the State can prove that, as a matter of fact, the scheme in actual operation results in the payment, in the great majority of cases, of something of value for the opportunity to participate." In the case at bar there is no proof that any participant in the drawing paid a valuable consideration for participation in the drawing. On the other hand, there is definite proof in the record that participation was absolutely free.

The district attorney cites the case of *People* v. *Miller* (271 N. Y. 44). That case does not apply because the issue was different from the case at bar. The court stated that the question to be determined in that case was whether a payment which entitles one to a ticket of admission to the theatre plus a chance to win a prize constitutes payment of a valuable consideration for the chance, an entirely different situation from that which exists in the instant case. In the case cited, the participant was required to purchase a ticket of admission in order to be entitled to participate in the drawing, while in the present case there was no such condition. The court held that the patron paid a valuable consideration for something determinable by chance because in addition to the right to view the picture he received the additional right to participate in the drawing. It seems to me that in a negative way this case supports the contention of the defendant. In that case the defendants offered evidence tending to show the possibility of participation in the chance by those who bought no ticket of admission to the theatre and in no way paid any valuable consideration for the opportunity to share in the chance but the trial court rejected the credibility of such testimony. The court held that in view of that rejection

the decision in *People* v. *Mail & Express Co.* (*supra*) had no application. I construe that holding to mean that if that evidence had been regarded as proof in that case, the court might have held the scheme under consideration to be legal.

The People have cited other cases but in practically all of them there was a valuable consideration paid for the chance with the exception of the case of *Maughs* v. *Porter* (157 Va. 415; 161 S. E. 242). This case has been severely criticised by various courts and I am convinced that it is not controlling in the case at bar.

Mr. Justice FRESCHI in his concurring opinion in the *Mail & Express* case makes the following statement which I think applies to the case at bar:

" In order to make out a case under our statute, the court must find in the facts charged an element of risk; in other terms, there must be something of value ventured for some gain. The feature of a gamble must be present in all its aspects. Valuable consideration must be parted with, or there must be an expressed or implied agreement to pay it.

" It is plain, in the case at bar, that the opportunity to participate in the prize drawing costs nothing; and, under these circumstances, it cannot be held that the relation between the parties is contractual, creating such an obligation upon which a legal right could be predicated. At most, it seems to me, the holder of a coupon can assert only a moral right in the premises; and this sort of a right arises only when the gift coupon is acquired and his number is drawn."

I am satisfied from the proof in this case that at the time that the patron acquired the right to participate in the drawing for the prize, he neither paid a valuable consideration for the chance nor made an agreement either express or implied to pay such consideration. His participation in the drawing was absolutely free and there was no violation of the law. The judgment of conviction should be reversed, the complaint dismissed and the defendant discharged.

Let an order be entered accordingly.