PETER A. BUHL et al., Plaintiffs, *v.* UNIVERSITY OF THE STATE OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Albany County, June 23, 1944.

*Isidor Neuwirth* and *Emil Katzka* for plaintiffs.

*Joseph Lipsky, Robert C. Killough, Jr.,* and *Charles A. Brind, Jr.,* for defendants.

BERGAN, J. A true controversy exists between the plaintiffs and defendants which is, I think, justiciable. A declaratory judgment will serve the function of adjudication without the risk of suspension of professional license — a risk quite unnecessary in this kind of controversy. The remedy is appropriate to the facts alleged. (See discussion in *Reed* v. *Littleton,* 275 N. Y. 150.)

The statute (Education Law, § 51) grants the regents supervisory power over the practice of chiropody. The license of a podiatrist (chiropodist) may be revoked, suspended or annulled

or other discipline imposed, among other things, for fraud or deceit in practice. [Education Law, § 1412, subd. 1, par. (b).] The regents had the power to define the nature of fraud and deceit upon which they would act, from the nature of the supervisory power conferred as well as under their general authority to exercise legislative powers to establish rules to effectuate their duties and trusts. (Education Law, § 46.)

Only if the regulation treating the use of the word " doctor " by a chiropodist as fraud or deceit in the professional practice is contrary to a statute or wholly unreasonable and arbitrary, is there any ground for judicial interference. The power to make the regulation is clear. Indeed, the present regulation which admits of the use of " doctor " by one who has earned the degree of doctor of podiatry is less drastic than its predecessor which prohibited the use of " doctor " by a qualified chiropodist or podiatrist unless he was also licensed to practice medicine.

Whether the distinction in the same profession, between men of different formal professional training, in the use of the word " doctor " is a wise use of regulatory power is for the regents and not the court. Certainly the power exists and no ground for judicial interference with it is to be found in the facts pleaded.

No issue of fact arises on the pleadings. The application of defendants for judgment made on the plaintiffs' motion for judgment is granted. Judgment for defendants, without costs.

Submit decision.