In the Matter of LEHAMA RESTAURANT, INC., Petitioner, against JOHN F.
O'CONNELL et al., Constituting the State Liquor Authority, Respondents.
— In a proceeding pursuant to the provisions of article 78 of the Civil
Practice Act, petitioner seeks to have annulled an order of the State Liquor
Authority, which cancelled petitioner's license on the grounds that it had
ceased to conduct a bona fide restaurant and had sold alcoholic beverages
to a person intoxicated or apparently intoxicated, and for an order directing
the issuance of a renewal of its license. The particulars given by the Authority
in response to the demand for particulars were adequate, and there was not
undue limitation of the right to cross-examine the investigator. There was
substantial evidence on which the Authority could find that there was a viola-
tion of subdivision 2 of section 65 of the Alcoholic Beverage Control Law.
However, the revocation of the license was based not only on such violation,
but also on the finding that a bona fide restaurant had ceased to be conducted
on the premises. Section 118 of the Alcoholic Beverage Control Law was
amended by chapter 605 of the Laws of 1950. Subdivision 7 of section 118,
which required a license to be revoked if the use of the premises was not for
a bona fide restaurant, as defined by subdivision 27 of section 3, was repealed.
(L. 1950, ch. 605.) No provision of the Alcoholic Beverage Control Law
specifically grants the State Liquor Authority discretion to revoke or suspend
a license when a bona fide restaurant use has ceased. General power is con-
ferred upon that body to revoke, cancel or suspend licenses for cause (§ 17,
subd. 3; § 118). It has been held that discretionary power to revoke does not
exist until the Authority gives notice to a licensee pursuant to subdivision 5
of section 114, that the license is subject to revocation for causes not specified
in the statute or which do not constitute violations of the statute. (*Matter
of Glenram Wine & Liquor Corp.* v. *O'Connell*, 295 N. Y. 336.) This record
does not disclose that any notice was given to the licensee as provided by
subdivision 5 of section 114. Insofar as the order of the State Liquor Authority
was based on a cessation of the sale of food, it must therefore be annulled.
The findings of the hearing commissioner, on which the Authority acted, reveal
that his report was primarily based on the failure to conduct a bona fide
restaurant. It cannot be said on this record that the Authority would have
revoked the license for the single unlawful sale had it not considered the first
charge. There should be a rehearing of both charges, at which the Authority
may produce evidence that it has given the notice under subdivision 5 of
section 114, of the claimed cause for revocation, and the parties may produce
further evidence. Order annulled on the law, without costs, and matter remitted
to the State Liquor Authority for rehearing and the taking of further evidence
and testimony, and for determination in accordance with the foregoing, and

for such consideration of the application for a renewal of the license as the State Liquor Authority may determine. Insofar as the petition seeks a direction to respondents to issue a renewal of the license, it is dismissed. The record presents no action of respondents refusing a renewal which is subject to review in this proceeding. Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ., concur.