CHARLES S. FROST et al., Plaintiffs, *v.* VIRGINIA JONES, an Incompetent, et al., Defendants.

Supreme Court, Special Term, Queens County, April 20, 1955.

*Edward Pious,* as committee of Virginia Jones, an incompetent, defendant.

*John A. Ross, Jr.,* for Birnie S. J. Hall, defendant.

*Jacob K. Javits, Attorney-General,* for the People of the State of New York, defendant.

*Isaac G. McNatt* for plaintiffs.

COLDEN, J. Motion by the committee of an incompetent defendant for an order vacating and setting aside the service of the summons and complaint herein and setting aside "the decision, interlocutory judgment, sale of premises, and order confirming said sale."

The action is for partition of real property. The summons and complaint were served upon the committee of the incompetent and also upon the incompetent personally at Matteawan State Hospital. The committee appeared and answered and, in fact, testified at the trial of the action. The basis upon which the committee now moves to set aside the service of the summons and complaint and all subsequent proceedings is that the service of the summons and complaint personally upon the incompetent was not made pursuant to an order of the Supreme Court as required by General Order No. 10 of the rules and regulations of the Commissioner of Mental Hygiene although concededly the service was made " by or under the direction of the director of the Matteawan State Hospital."

The committee contends that noncompliance with General Order No. 10 constitutes a jurisdictional defect and that the court acquired no jurisdiction over the person of the incompetent and that therefore all proceedings taken herein are void.

The general orders promulgated by the Commissioner of Mental Hygiene are presumably issued for the orderly administration of the hospitals under his supervision. Failure to comply with those orders might render an act illicit but it would not necessarily render it invalid. (Cf. *Jacobs* v. *Jacobs,* 67 N. Y. S. 2d 403.) Furthermore, it is elementary that regulations issued by a State department must be in conformity with State laws and the authority to make regulations does not give a department the power to repeal statutes enacted by the Legislature.

Service of a summons upon an incompetent is governed by section 225 of the Civil Practice Act which provides that a copy of the summons must be delivered within the State to the committee and also to the incompetent in person unless the court, in its discretion, dispenses with delivery of a copy to the incompetent. Since copies of the summons were served on both the committee and the incompetent, the service was valid and this court had jurisdiction of the incompetent defendant.

Moreover, section 237 of the Civil Practice Act provides that a defendant may appear in an action by answering the complaint and that a voluntary general appearance is equivalent to personal service of the summons upon him. The committee of the incompetent herein appeared and served an answer. In fact, the Attorney-General also appeared to protect the incompetent's rights since she is an inmate of a State hospital. Under such circumstances, there can be no question that this court had jurisdiction of the person of the incompetent defendant.

The motion is in all respects denied. Submit order.