Joseph A. Gavagah, J.
Plaintiff moves for a temporary-injunction. The motion has been withdrawn as to the corporate defendant. Plaintiff claims to have a contract with the defendant restaurant dated December 9, 1957, to run for a period of three years and granting to it an exclusive right to operate its coin-operated phonograph at defendant’s place of business. It is charged that the individual defendant induced the codefendant to remove plaintiff’s device, to breach its contract with plaintiff and to contract with and to install the device of the individual defendant. There is dispute as to the time plaintiff learned of the removal of its device and of the knowledge of the individual defendant of the existence of the contract. Indeed, defendants attempt to dispute the contract. This attempt to destroy the foundation of plaintiff’s claim upon the pivotal issue seems to be wholly abortive.
As to the first matter, the claimed conversation between plaintiff’s president and the individual defendant, including the alleged threat against others of plaintiff’s locations, is not denied nor the fact that the ownership of the device maintained by the plaintiff at the location in issue was clearly indicated thereon. As to the contract, the original is now before the court and the signature thereon seems to conform with the ■ signature of the same person upon his affidavit submitted in opposition to the motion. Moreover, it appears that the defendants were afforded an opportunity to inspect the original contract but they failed to avail themselves of the opportunity.
*45 In this connection the recital of the manner in which the transfer of assets was made from the former proprietorship to the present corporation operating the restaurant is significant. Plaintiff has satisfactorily established a continuing interference with a contractual relationship. In the context of this situation and the nature of the business operated by the plaintiff and the individual defendant there is not alone a reasonable inference to be drawn upon the basis of this submission that the individual defendant was fully cognizant of the facts and circumstances, but there is in issue not alone a continuing and prejudicial injury to plaintiff’s rights with respect to the contract in suit but also the continuing breach of the single contract as a direct impact upon the business of the plaintiff in general. (Gonzales v. Kentucky Derby Co., 197 App. Div. 277, affd. sub nom. Gonzales v. Reichenthaler, 233 N. Y. 607.)
In this connection defendants urge in their brief as their sole point that plaintiff has an adequate remedy at law. This rests upon the fact that plaintiff has instituted a suit upon the contract against the restaurant corporation to recover the liquidated damage as therein, provided.
The actions are not for the same relief. The stipulation for damage does not preclude other damage or relief. Nor does it follow that other or additional damage may not be recovered or that the recovery of damage alone directly flowing from the breach of contract is adequate remedy with respect to a claim of tortious interference with contract. Indeed, a provision for liquidated damage bespeaks the probable impossibility of ascertaining damage.
The motion is granted. Bond is fixed in the sum of $1,000. The order to be settled may provide for an early trial.
Settle order.