■ In the Matter of ELEANOR T. POTTER, Doing Business as LANCE & SHIELD, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously modified on the facts and as a matter of discretion by reducing the punishment to a letter of warning, and as so modified, confirmed, without costs. Memorandum: From the evidence the Commissioner could conclude that the licensee's husband, Fred, for a period of one or two years before he married her and immediately prior to the filing of charges by respondent against the licensee, conducted himself as her partner in the operation of the restaurant and tavern under her license. Nevertheless, the evidence further shows that the licensee had been having difficulty operating the business successfully and Fred, with her consent, helped her. There is no evidence that he was "availing" himself of her license in the sense that he was using the license for his own benefit; in fact, the evidence is that he received nothing for his efforts except her gratitude and the bare essentials of his livelihood, and he was virtually an unpaid highly trusted employee of the licensee. Since the principal purpose of section 111 of the Alcoholic Beverage Control Law is to prevent undesirable persons, ineligible to secure a license, from operating a liquor business through another licensee as a "blind", and since such was not the case here, we find that the punishment of revocation is "shocking" and grossly excessive. One of the members of the Authority dissented from the decision to revoke the license and voted that a letter of warning be sent to the licensee. In our view, that was the extent of the punishment which should have been meted out to petitioner in this case (see *Matter of Shander* v. *Allen,* 28 A D 2d 1150, affd. 24 N Y 2d 974; *Matter of Winter* v. *Barry,* 27 A D 2d 850, affd. 22 N Y 2d 853; *Matter of Mitthauer* v. *Patterson,* 8 A D 2d 953, affd. 8 N Y 2d 37; *Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361, 364). (Review of determination canceling liquor license, transferred by order of Cattaraugus Special Term.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.

■ In the Matter of the Probate of the Will of LAWRENCE GLOD, SR., Deceased. LAWRENCE GLOD, JR., Appellant; NANCY FUNICELLO, Respondent.— Motion granted and order entered February 13, 1969 [31 A D 2d 889] amended by striking the words "with costs to parties filing briefs payable out of the estate" and inserting in place thereof the words "without costs of this appeal to any party". Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.

■ In the Matter of BARTON BAKER, an Attorney, Respondent. MONROE COUNTY BAR ASSOCIATION, Petitioner.— Motion to renew motion to reduce penalty denied. Present — Del Vecchio, J. P., Marsh, Witmer and Henry, JJ. (Order entered June 25, 1971.)