Stanley Rosenthal, J.
I.
This is a motion to dismiss the complaint for insufficiency and for summary judgment in favor of defendant.
The plaintiffs bring an action sounding in breach of contract to recover the value of certain prizes they allege they are entitled to by reason of their winning a ‘ ‘ contest ’ ’ sponsored by defendant.
The defendants operate a group of movie theatres in Nassau and Suffolk Counties. In connection with a promotional campaign, they caused to be issued certain ads and circulars (a copy is attached as an exhibit to the complaint) in which the theatre invited the readers to enter a contest in which the winners were to be named ‘ ‘ Mr. and Mrs. Long Island ’ ’. The ads and circulars further stated that “prizes galore ” would go to the winning couple, including certain specific items illustrated in the advertisement. Nothing was said about having to attend the Prudential Theaters to be eligible for the prizes. Defendants’ announcement did say “your Prudential Theater stub is good for one free admission to the Long Island Pair with the purchase of one adult ticket to the Long Island Pair ”, where the winner would be selected.
*799 The plaintiffs attended a movie performance at one of the defendants’ theatres. They were invited, as were all those in attendance, to fill out an application form to participate in the afore-mentioned “ contest ”, for all of which there was no charge made by the defendants or anybody else.
As fortune, whether good or bad, would have it the plaintiffs’ names were selected as the winning couple at the Prudential Theater at the Long Island Fair.
Plaintiffs claim they never received the prizes which were advertised; that they were offered inferior prizes. They now sue for damages resulting from defendants ’ breach of contract.
The defendants move to dismiss, claiming that this was a lottery contra to the laws of the State of New York; and since the plaintiffs participated in the lottery, their complaint must be dismissed.
The court does not agree with this contention. The court has patiently gone through all the cases cited in defendants’ brief and is of the opinion that none of them apply to the situation before us. The issues presented come squarely within the opinion in Simmons v. Randforce Amusement Corp. (162 Misc. 491).
In that case a theatre corporation conducted what was known as a “ bank night ’ ’; theatre patrons were permitted to sign a book furnished by the theatre and later a public drawing of the numbers opposite the names was held. The plaintiff in that action had his name drawn and when the defendant refused to pay the prize, the patron .sued.
The court held that there was adequate consideration for the prize to be awarded by the theatre to its patrons, when the latter signed their names and attended the night of the draw. In the case before us, plaintiffs similarly signed an application form and attended the draw ceremonies and were successful. Indeed, the defendants in the case before this court utilized the prestige of the ‘ ‘ contest ’ ’ and used the persons of the plaintiffs in their ceremonies attending the draw and had them appear and be designated “ Mr. and Mrs. Long Island” — all as part of defendants’ promotion.
In fact, as alleged in the complaint, there was an attempt by the defendants to give the prizes to the winning couple, but the plaintiffs contend that they were imposed upon in that the prizes offered were inferior and were not those advertised.
In a fairly recent case, Goodwill Adv. Co. v. State Liq. Auth., decided by the Supreme Court, Albany County (40 Misc 2d 886) an almost similar promotion was passed upon. In that *800 case the plaintiff came np with an award plan conducted by agreement with supermarkets which were licensed to sell beer, whereby the public was invited to obtain registration cards for participation in weekly drawings for awards on the premises of the supermarkets without the necessity of making a purchase. The State Liquor Authority claimed this was a gambling transaction and was a basis for revocation of licenses. The promoter sued for a declaratory judgment against the State Liquor Authority and was successful. It is interesting to note that in that case the defendant State Liquor Authority had previously moved to dismiss the complaint for legal insufficiency and the Appellate Division affirmed the denial of that motion (14 A D 2d 658).
In essence, the contract upon which this action is predicated in and of itself was not illegal per se or malum prohibitum by statute.
Great care is required in using definitions which pertain to criminal statutes and applying them to civil matters like the one before us. The criminal gambling statutes must be interpreted within the scope of the intention of the Legislature. It is not clear that an intent was evident to preclude promotions of this sort when the Legislature enacted section 225.00 et seq. of the Penal Law applicable to lotteries. As a matter of fact, in the case of People v. Shafer (160 Misc. 174, affd. without opn. 273 N. Y. 475) a motion picture theatre manager who conducted a ‘ ‘ bank night ’ ’ scheme whereby a cash prize was given to a person whose name was drawn from a list of registrants and who appeared in the theatre to claim the prize within a designated period of time was found not guilty of conducting a “ lottery ” when neither the registrants nor the winners were required to purchase admission tickets.
In the case before us although the plaintiffs did attend a movie performance they did not in fact pay any further consideration for the application form which made them eligible for the prize; they merely had to attend the fair referred to in the defendants ’ ad and have their names selected.
The court concludes that the pleading under attack herein does in fact state a cause of action and that triable issues are presented which can only be determined after trial.