■ RALPH TURGEON OF FLORIDA, INC., Respondent, v JOSEPH P. ORLANDO et al., Appellants. — Order unanimously modified by deleting the second and fourth ordering paragraphs and, as modified, affirmed, without costs. Memorandum: We agree that the parties had an obligation to notify the Liquor Authority when plaintiff became a limited partner in the Bayview Beach Club, a business which was selling alcoholic beverages (see Alcoholic Beverage Control Law, § 110, subd 4; see, also, 9 NYCRR 40.4 [b] [2]). Even though plaintiff did not hold title to the business assets, by virtue of the partnership agreement plaintiff was a partner in the business and thus required to obtain a liquor license (Alcoholic Beverage Control Law, § 100, subd 1; § 111; *Matter of Gabler v New York State Liq. Auth.,* 43 AD2d 803; *Matter of Potter v New York State Liq. Auth.,* 37 AD2d 760; see, also, *Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth.,* 58 NY2d 89; *Janke v Janke,* 47 AD2d 445, 449, affd 39 NY2d 786; *O'Connor v O'Connor,* 263 App Div 820, affd 288 NY 579). The result does not change because plaintiff was a "limited" partner; the purpose of section 111 "is to prevent undesirable persons, ineligible to secure a license, from operating a liquor business through another licensee as a 'blind' " (*Matter of Potter v New York State Liq. Auth., supra*). Thus, limited as well as general partners must disclose themselves to the Liquor Authority. Nevertheless, the contracts between the parties are not void as against public policy because the contracts themselves do not require an illegal act. The illegality occurred when the parties, after executing valid agreements, failed to take the additional step required by law, namely, notifying the Liquor Authority and obtaining a new license with plaintiff's name on it. The agreements themselves did not call for a violation of the law, as did the agreement held invalid in *Smith v Pope* (72 AD2d 913 [in which the entire agreement was a subterfuge designed to permit plaintiff to use defendant's liquor license while plaintiff's application for his own liquor license was pending]). Therefore, Special Term properly denied defendants' motion for summary judgment. We conclude, however, that Special Term erred by awarding summary judgment to plaintiff. Summary judgment is a drastic remedy which should not be granted when there is any doubt as to the existence of a triable issue of fact (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Palmerton v Envirogas, Inc.,* 80 AD2d 996, 997). In their answer defendants allege defenses based on mutual rescission and termination based on cause. Since plaintiff did not cross-move for summary judgment, defendants had no occasion to submit affidavits in opposition to such a motion, and thus it is possible that defendants may have valid defenses not spelled out in the present record. Under these circumstances, the award of summary judgment must be reversed. (Appeal from order of Supreme Court, Erie County, Broughton, J. — partial summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Boomer, JJ.