Matter of New York Fine Wines & Spirits, LLC v New York State Liq. Auth. (2025 NY Slip Op 04996)

Matter of New York Fine Wines & Spirits, LLC v New York State Liq. Auth.

2025 NY Slip Op 04996

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-07701
 (Index No. 603538/21)

[*1]Matter of New York Fine Wines & Spirits, LLC, petitioner, 
v
New York State Liquor Authority, respondent.

Zuckerman Spaeder LLP, New York, NY (Shawn P. Naunton and William J. Murphy, pro hac vice, of counsel), for petitioner.
Gary Meyerhoff, Albany, NY (Mark D. Frering of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority dated November 24, 2020. The determination adopted the findings of fact and conclusions of law of an administrative law judge dated April 17, 2020, made after a hearing, sustaining four charges that the petitioner had violated provisions of the Alcoholic Beverage Control Law, and imposed a civil penalty in the sum of $22,500.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination dated November 24, 2020, as adopted the findings of fact and conclusions of law that the petitioner had violated Alcoholic Beverage Control Law § 105(22) under charge one and Alcoholic Beverage Control Law § 111 under charge four and imposed a civil penalty in the sum of $22,500 is annulled, charges one and four are dismissed, the petition is otherwise denied, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the New York State Liquor Authority for a new determination as to the penalty to be imposed on charges two and three.
"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Ye Trading NY, Inc. v New York State Liq. Auth., 230 AD3d 509, 509 [internal quotation marks omitted]; see Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239). "[T]he substantial evidence standard is a minimal standard," and requires only "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [internal quotation marks omitted]; see Matter of Afolayan v Industrial Bd. of Appeals, 229 AD3d 698, 699 [internal quotation marks omitted]). If substantial evidence supports the determination, "the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046). "[I]t is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Kirch v New York State Dept. of Motor Vehs., 232 AD3d 791, 792 [internal quotation marks omitted]; see Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d 880, 881).
So much of the determination as sustained charge one, which alleged that the [*2]petitioner violated Alcoholic Beverage Control Law § 105(22), was not supported by substantial evidence. Alcoholic Beverage Control Law § 105(22) provides that "[n]o person licensed to sell alcoholic beverages at retail for off-premises consumption, shall suffer or permit any gambling, or offer any gambling on the licensed premises." Under the Penal Law, "gambling" occurs when a person "stakes or risks something of value upon the outcome of a contest of chance" (Penal Law § 225.00[2]; see Matter of Plato's Cave Corp. v State Liq. Auth., 68 NY2d 791, 793-794). Here, the respondent's evidence failed to support a conclusion that the petitioner's customers staked or risked something of value by answering survey questions (see Matter of Muidallap Corp. v State Liq. Auth., 143 AD2d 9, 12; see generally Goodwill Adv. Co. v State Liq. Auth., 40 Misc 2d 886, affd 19 AD2d 928; People v Shafer, 160 Misc 174, 176, affd 273 NY 475).
So much of the determination as sustained charge four, which alleged that the petitioner violated Alcoholic Beverage Control Law § 111 by making its license available to a nonparty via operation of a gift card program, was also not supported by substantial evidence. Alcoholic Beverage Control Law § 111 prohibits the transfer of a license except as directed by the New York State Liquor Authority and is violated where the licensee allows another person or entity to "avail [themselves] of the license" (Matter of Hacker v State Liq. Auth. of State of N.Y., 19 NY2d 177, 184; see Matter of Potter v New York State Liq. Auth., 37 AD2d 760, 760). Here, there is no evidence in the record that the petitioner allowed the nonparty to avail itself of the petitioner's license through operation of the gift card program or otherwise (cf. Gallello v Ring, 29 NY2d 721, 722; Matter of Alla Capital Dev. Corp. v New York State Liq. Auth., 160 AD3d 1270, 1271-1272; Matter of SCE Group Inc. v New York State Liq. Auth., 159 AD3d 519, 519).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court