In the Matter of BLACK NORTH ASSOCIATES, INC., Doing Business as BLACK NORTH INN, Petitioner, v EDWARD KELLY, as Chairman of New York State Liquor Authority, Respondent. [722 NYS2d 666] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding transferred to our Court (*see,* CPLR 7804 [g]), petitioner contends that the determination following a hearing that it violated Alcoholic Beverage Control Law § 106 (6) and 9 NYCRR 53.1 (t) by permitting gambling on its premises is not supported by substantial evidence. We disagree. Petitioner operates a bar in Kent, and in 1998 it installed a Lucky Shamrock Vending Machine, which dispenses pull-tabs. Each pull-tab is labeled "Lucky Shamrock Sweepstakes" and may be purchased for $1. Inside each pull-tab is a calling card and a game piece. The calling card, which is labeled a "Lucky Shamrock Prepaid Two Minute Emergency Phone Card," permits the holder to place a two-minute telephone call anywhere in the continental United States. The game piece displays a series of horizontal and vertical rows of numbers and symbols, and a game piece displaying certain combinations of numbers or symbols entitles the holder to a prize ranging from $1 to $500. Winning game pieces are redeemed by petitioner, which retains them as receipts.

The unique feature of the machine is that it scans a bar code on each pull-tab that it dispenses and instantly displays the game piece in a slot machine-like video display. Players view the spinning reels until they stop in each "slot," and winners are announced by electronic sound and lights. Thus, a player may rely on the video display, the sound and the lights and discard a losing pull-tab without ever opening it.

The evidence adduced at the hearing establishes that free promotional game pieces were kept on a shelf behind the bar and given away upon request. Free promotional game pieces could also be requested in writing from the manufacturer of the machine. The sweepstakes rules, which were posted on the

wall behind the machine, indicated that "no purchase necessary" to participate.

Petitioner contends that, because no purchase is necessary to participate, the sweepstakes do not constitute gambling activity (*see*, 1986 Atty Gen [Inf Opns] 78). In each of the cases cited by petitioner, however, the rules were the same for all contestants, and each had an equal chance of winning (*see*, *People v Burns*, 304 NY 380, 382; *People v Shafer*, 160 Misc 174, *affd* 273 NY 475; *People v Mail & Express Co.*, 179 NYS 640, *affd* 192 App Div 903, *affd* 231 NY 586; *Goodwill Adv. Co. v State Liq. Auth.*, 40 Misc 2d 886, *affd* 19 AD2d 928). Here, the evidence establishes that, while the distribution of free promotional game pieces was limited to one per person per day "while supplies last," players of the Lucky Shamrock Vending Machine could increase their chances of winning by making multiple purchases. Indeed, the machine was designed to encourage such multiple purchases, since it accepted bills ranging from $1 to $20 and it did not give change.

Contrary to petitioner's further contention, the Lucky Shamrock Vending Machine is not a passive dispensing device; rather, it is an active machine that "permits the player to watch the game being played, know that he has a winning ticket prior to opening the ticket and in fact, only use the ticket as a receipt for redemption" (*Major Mfg. Corp. v Department of Revenue*, 168 Pa Commw 577, 586, 651 A2d 204, 208, *lv denied* 542 Pa 637, 665 A2d 471). It was designed to resemble a slot machine, and for all intents and purposes it operates as a slot machine (*see*, *Mississippi Gaming Commn. v Six Elec. Video Gambling Devices*, — So 2d —, 2001 WL 569988 [May 29, 2001] [Miss App]; Alaska Opns Atty Gen No. 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 [2000]; SC Opns Atty Gen No. [2000 WL 356794]; Ill Opns Atty Gen No. 98-010 [1998]; La Opns Atty Gen No. 98-142 [1998]; *see also*, *People ex rel. Lockyer v Pacific Gaming Technologies*, 82 Cal App 4th 699, 98 Cal Rptr 400 [2000]; *Major Mfg. Corp. v Department of Revenue, supra*; Fla Opns Atty Gen No. 98-07 [1998]; Tex Opns Atty Gen No. 97-008 [1997]; *cf.*, Kan Opns Atty Gen No. 97-26 [1997]).

Petitioner contends that the Lucky Shamrock Vending Machine is different from an ordinary slot machine because it does not contain a random number generator or other device that determines winners. In New York, however, slot machines are not so narrowly defined. Penal Law § 225.00 (8) provides that a " '[s]lot machine' means a gambling device which, as a result of the insertion of a coin or other object, operates, either completely automatically or with the aid of some physical act

by the player, in such manner that, depending upon elements of chance, it may eject something of value." Furthermore, under the statutory definition, a device is no "less a slot machine because, apart from its use or adaptability as such, it may also sell or deliver something of value on a basis other than chance" (Penal Law § 225.00 [8]; *see, People v Miller,* 271 NY 44, 47-48). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Orleans County, Notaro, J.) Present—Green, J. P., Wisner, Hurlbutt and Burns, JJ.