■ In the Matter of SHORTS BAR OF ROCHESTER INC., et al., Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [794 NYS2d 266]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Robert J. Lunn, J.], entered September 27, 2004) to annul determinations of respondent. The determinations found that petitioners had permitted gambling on their premises and imposed civil penalties.

It is hereby ordered that the determinations be and the same hereby are unanimously confirmed without costs and the petitions are dismissed.

Memorandum: In these consolidated CPLR article 78 proceedings transferred to this Court pursuant to CPLR 7804 (g), petitioners seek to annul separate determinations that they violated Alcoholic Beverage Control Law § 106 (6) and 9 NYCRR 53.1 (m) by permitting gambling on their premises. Petitioners contend that the determinations are not supported by substantial evidence. We disagree. A " 'determination is regarded as being supported by substantial evidence when the proof is "so substantial that from it an inference of the existence of the fact found may be drawn reasonably" ' " (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998], quoting *Matter of 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). It is the responsibility of the administrative agency to weigh the evidence and choose among competing inferences therefrom and, so long as the inference drawn and the ultimate determination made are supported by substantial evidence, it is not for the court to substitute its judgment for that of the administrative agency (*see 300 Gramatan Ave. Assoc.*, 45 NY2d at 179-182; *see also Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979, 981 [1983]). Here, there is substantial evidence supporting the inference that purchasers of the "Ad-Tab" cards sold by petitioners paid their consideration not for the discount coupons on the cards but rather for the opportunity to win prize money according to a published schedule of odds (*see Matter of Black North Assoc. v Kelly*, 281 AD2d 974, 974-976 [2001]; *Matter of J A J K, Inc. v Division of Alcoholic Beverage Control*, 272 AD2d 963 [2000]). We have not considered the challenges by petitioners to the civil penalties imposed upon them because those challenges are inadequately

briefed. Present—Scudder, J.P., Kehoe, Martoche, Smith and Hayes, JJ.