■ In the Matter of VITTORIA FRUCI, Petitioner, v RICHARD P. MILLS, as Commissioner of the Office of Vocational and Educational Services for Individuals with Disabilities, New York State Education Department, Respondent. [855 NYS2d 795]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Diane Y. Devlin, J.], entered March 13, 2007) to annul a determination of respondent. The determination denied petitioner's request for funds to enable petitioner to enroll in the manual osteopathy program at the Canadian College of Osteopathy.

It is hereby ordered that the determination is unanimously confirmed without costs and the amended petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78

proceeding seeking to annul the determination that respondent was not required to sponsor her attendance at the Canadian College of Osteopathy (College). Petitioner contends that the determination that her attendance at the College is inconsistent with her abilities is not supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). We reject that contention (*see generally Matter of Murphy v Office of Vocational & Educ. Servs. for Individuals with Disabilities, N.Y. State Educ. Dept.*, 92 NY2d 477, 482 [1998]). The Hearing Officer relied upon a functional capacity evaluation (FCE) indicating that petitioner's disabilities were inconsistent with a position as an osteopath, and the FCE constitutes substantial evidence supporting the determination. "[I]t is not for [this Court] to substitute its judgment for that of [the Hearing Officer]" (*Matter of Shorts Bar of Rochester Inc. v New York State Liq. Auth.*, 17 AD3d 1101, 1102 [2005]). Contrary to the further contention of petitioner, the Hearing Officer was not required to accept the opinion of her treating physician (*see Matter of Williams v Wing*, 259 AD2d 1043 [1999]). Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.