Patrick Martin, Acting Executive Director Kansas Racing and Gaming Commission
700 S.W. Harrison, Suite 500 Topeka, Kansas 66603
Dear Mr. Martin:
You request that this office reconsider and withdraw a 1997 Attorney General opinion that determined that the "Lucky Shamrock Phone Card Dispenser" did not violate the criminal statutes prohibiting gambling and gambling devices.[1] Your concern is that the opinion is being misused to justify the legality of devices that do not resemble the phone card dispenser addressed in the 1997 opinion. *Page 2 
Attorney General Opinion No. 97-26 addressed the legality of a machine called the Lucky Shamrock Phone Card Dispenser. One of the issues was whether this particular machine was an illegal gambling device. The device — as described to then-Attorney General Carla Stovall — was a simple vending machine that dispensed long distance calling cards. The amount of long distance calling time depended upon how much money was inserted into the device. Attached to each phone card was an instant play scratch or pull tab ticket. The device read the bar code on the ticket and displayed the symbols appearing on the ticket. The ticket determined whether or not the person had won a prize as opposed to the person being able to "play" the machine. Additionally, a person who did not purchase a long distance calling card could still participate in the sweepstakes without having to pay or purchase anything.
The phone card dispensers that prompt your concern do not resemble the machine described in the Stovall opinion. These machines appear to be electronic slot machines. They essentially operate in the following manner. The machine is set up to accept $1, $5, $10 or $20 bills. When currency is deposited into the machine, the machine prints out a slip of paper containing an authorization code that entitles the person playing the machine to a given number of minutes of long-distance telephone service.
At the same time, the machine provides the player with a number of "points" in an amount corresponding to the denomination of the bill deposited (e.g. $1 = 100 points; $5 = 500 points). The player may then elect to wager with the "points" in a manner that appears identical to the operation of electronic slot machines. The player selects the number of points he or she wishes to "bet." Then, the machine — operating on the basis of chance — flashes images on the screen to show whether the player has "won" or "lost." If the player "wins," the number of points the player has accumulated increases; if the player "loses," the player's points decrease. The player may continue to play the machine so long as there are points remaining. If the player wishes to "cash out" points, he or she notifies an employee who then verifies the number of points and pays the player either in cash or in prizes, merchandise or coupons from the establishment. In some of the locations, portions of the Stovall opinion are taped to the sides of the machine in an attempt to justify their legality.
Because the Stovall opinion is being used to justify the legality of a machine that does not resemble the machine described in the opinion, the opinion is withdrawn. We also note that since the opinion issued, several Attorneys General and courts in other *Page 3 
jurisdictions have determined that the "Lucky Shamrock" and similar phone card dispensers are illegal gambling devices.[2]
Sincerely,
 STEVE SIX ATTORNEY GENERAL
 Mary Feighny Deputy Attorney General
SS/MF/ke
[1] K.S.A. 21-4303; 21-4304; K.S.A. 2009 Supp. 21-4302(b)(d); 21-4307. Effective July 1, 2011, it is anticipated that the Revisor of Statutes will renumber as K.S.A. 21-6404, 21-6406, 21-6403, 21-6408, respectively. See also L. 2010, Ch. 136.
[2] 1998 Atty.Gen. Op. 142; 1998 Ill. Atty.Gen. Op. 010; 2000 SC Atty. Gen. Op. (Feb. 29, 2000); 2000 Alaska Atty. Gen. Op. (October 17, 2000); 2009 OK Atty Gen. Op. (Sept. 2, 2009); People ex rel. Lockyer v. Pacific Gaming Technologies,98 Cal.Rptr.2d 400 (2000); Black North Associates,Inc. v. Kelly, 722 N.Y.S.2d 666 (2001); Midwestern Enterprises,Inc. v. Stenehjem, 625 N.W.2d 234 (ND 2001); Mississippi GamingCom'n v. Six Electronic Video Gambling Devices et al.,792 So.2d 321 (Miss.App. 2001); Sun Light Prepaid Phonecard Co.,Inc. v. State, 600 S.E. 2d 61 (S.C. 2004).