# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

712

TP 12-00139

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, AND LINDLEY, JJ.

---

IN THE MATTER OF SURF CITY ENTERPRISES OF
SYRACUSE, INC., PETITIONER,

V                                      MEMORANDUM AND ORDER

NEW YORK STATE LIQUOR AUTHORITY, RESPONDENT.

---

SCICCHITANO & PINSKY, PLLC, SYRACUSE (BRADLEY M. PINSKY OF COUNSEL),
FOR PETITIONER.

MARK D. FRERING, NEW YORK STATE LIQUOR AUTHORITY, ALBANY, FOR
RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Brian F. DeJoseph, J.], entered January 11, 2012) to review a determination of respondent. The determination imposed a civil penalty against petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that it violated Alcoholic Beverage Control Law § 65 (1) (selling alcohol to minors), 9 NYCRR 48.2 (conduct of licensed premises) and 9 NYCRR 48.3 (conformance with local and other regulations). Contrary to the contention of petitioner, we conclude that the determination that it violated Alcoholic Beverage Control Law § 65 (1) and 9 NYCRR 48.2 is supported by substantial evidence (*see generally Matter of Shorts Bar of Rochester Inc. v New York State Liq. Auth.*, 17 AD3d 1101, 1102). Several law enforcement officers who participated in the raid of petitioner's establishment testified at the hearing that they observed numerous underage patrons consuming alcohol, and the record includes several supporting depositions of underage patrons who admitted consuming alcohol on the premises (*see Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d 1260, 1262). We do not address petitioner's contention that the admissions were obtained in violation of the patrons' constitutional rights inasmuch as petitioner lacks standing to raise that contention (*cf. People v Wesley*, 73 NY2d 351, 355; *see generally Warth v Seldin*, 422 US 490, 498-500; *Tileston v Ullman*, 318 US 44, 46).

We further conclude that the determination that petitioner violated 9 NYCRR 48.3 by employing unlicensed security guards in violation of state regulations is supported by substantial evidence (*see generally Shorts Bar of Rochester*, 17 AD3d at 1102). Petitioner's contention with respect to that charge concerns the resolution of conflicting testimony, and it is well established that the findings of an Administrative Law Judge that turn on the credibility of witnesses are entitled to great weight (*see Matter of Grossberg v Christian*, 245 AD2d 118; *see also Matter of Café La China Corp. v New York State Liq. Auth.*, 43 AD3d 280, 281). We see no basis to disturb those findings.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court